150 Ill. App.3d 696 (1986)
502 N.E.2d 268
In re APPLICATION OF COUNTY TREASURER (Beverly Epstein, Petitioner-Appellant,
v.
The People of the State of Illinois et al., Objectors-Appellees).
No. 84-2884.
Illinois Appellate Court  First District (1st Division).
Opinion filed June 16, 1986.
Rehearing denied January 16, 1987.
*697 Bernard Allen Fried, of Chicago, for appellant.
Richard M. Daley, State's Attorney, of Chicago (Glenn E. Carr, Edward H. Phillips, and Michael J. Crowley, Assistant State's Attorneys, of counsel), for appellees.
Order affirmed.
JUSTICE BUCKLEY delivered the opinion of the court:
Petitioner, Beverly Epstein, appeals the dismissal of her petition for tax deed for failure to comply with court-ordered discovery. For the reasons set forth below, we affirm the dismissal.
The record reveals that on June 29, 1983, attorney Bernard Allen Fried purchased property at 6200 South Ellis Avenue in Chicago at a scavenger sale conducted by the Cook County collector pursuant to section 235a of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 716a). Fried bought the property for $50. On August 9, 1983, an order confirming the sale was entered by Cook County circuit court Judge Joseph Schneider, and a certificate of purchase was thereafter issued to Fried. On August 12, 1983, Fried assigned the certificate of purchase to petitioner Epstein. On February 6, 1984, Epstein filed her petition for tax deed as the holder of the certificate of purchase. The petition was assigned to circuit court Judge Robert Dempsey.
Thereafter, on May 21, 1984, Judge Dempsey was presented with an objection to the petition filed by the treasurer and clerk of Cook County.[1] The objectors alleged that Fried was ineligible to purchase the property at the scavenger sale because he was "the party or the agent of the party who is responsible for the payment of the delinquent taxes" in contravention of section 235a of the Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 716a). The objection traced the chain of title for the property in question during the tax delinquency period. Specifically, it alleged that in August 1976 the property was conveyed to the First Church of Deliverance, which in December 1976 *698 conveyed the property to Community Redemption Corporation. In February 1980, Community Redemption conveyed the property to Evangelist James Baker Evangelistic Association. The objection alleged that Fried was the attorney for all three religious corporations and that all of the transfers were made by quitclaim deeds prepared by Fried. Copies of the deeds were attached to the objection.
It was further alleged in the objection that Fried had powers of attorney from the officers of each of the above corporations to acquire or dispose of real property in their names. He allegedly executed conveyances in the names of the corporations by signing the officers' names without affixing his own name or disclosing that he has signed on behalf of another. Finally, it was alleged that petitioner Beverly Epstein is Fried's sister-in-law and that her attorney, Phillip Radmer, is employed by Fried's law office. Based upon these allegations, the objectors concluded that Fried obtained the certificate of purchase through "fraud, trickery, and deceit" by delivering to the county treasurer a false affidavit that he was not the party or the agent of the party who is responsible for the payment of delinquent taxes.
On June 12, 1984, Fried, as attorney for petitioner, filed a motion to deny and dismiss the objection. The motion alleged that the objection constituted an attack on the order confirming the sale of the property entered by Judge Schneider, and that Judge Dempsey therefore had no jurisdiction to hear it. On July 3, 1984, the motion was denied by Judge Dempsey.
The court set the matter for trial on September 12, 1984. On July 19, 1984, the objectors filed and served interrogatories on the petitioner. Petitioner failed to answer the interrogatories, and the objectors filed a motion to compel on September 6, 1984. The motion to compel alleged that petitioner had repeatedly ignored the objectors' oral and written requests pursuant to Supreme Court Rule 201(k) (87 Ill.2d R. 201(k))[2] that their interrogatories be answered. The motion further alleged that a notice of deposition had been directed to Epstein on August 22, 1984, setting her deposition for August 30, 1984, but that counsel for petitioner refused to produce his client for the deposition.
On September 20, 1984, after a hearing on the motion to compel, *699 the court ordered petitioner to file answers to the interrogatories on or before October 19, 1984. Petitioner failed to comply with the order and instead filed a motion for voluntary dismissal. The objectors thereafter filed a motion for sanctions. On October 26, 1984, following a hearing, the court entered an order allowing petitioner to withdraw her motion to dismiss. The court further stated in the order that "based upon the representation by counsel for petitioner that petitioner will not provide answers to discovery or otherwise comply with discovery rules," the objectors' motion for sanctions is granted and the petition is dismissed with prejudice pursuant to Supreme Court Rule 219(c)(87 Ill.2d R. 219(c)).

I
On appeal, petitioner initially argues that the objection to her petition was improperly considered by the trial court in the action for tax deed, and that it instead should have been filed pursuant to section 2-1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-1401) as a direct attack on the order confirming the sale. Section 2-1401 provides a statutory mechanism for seeking relief from final judgments more than 30 days after their entry. Petitioner fails to cite any legal authority in support of her proposition. After examining the relevant provisions of the Revenue Act, we find no merit to this argument.
Under the Revenue Act, the first matter which comes before the court with respect to a tax sale is the entry of a "judgment for sale" of the property to be sold for delinquent taxes. (Ill. Rev. Stat. 1985, ch. 120, par. 716a.) Following the tax sale, section 235a of the Revenue Act provides that the purchaser of property is to have the sale confirmed by the court. (Ill. Rev. Stat. 1985, ch. 120, par. 716a.) Section 235a further provides that upon the court's confirmation of the sale, the county clerk and the county collector shall issue to the purchaser a "certificate of purchase." However, before a certificate of purchase may be received, the purchaser is required to execute and deliver to the county clerk an affidavit that "such person has not bid upon any lot or tract of land at such sale who is the party or the agent of the party who is responsible for the payment of the delinquent taxes." Ill. Rev. Stat. 1985, ch. 120, par. 716a.
 1 Section 266 of the Revenue Act provides that once a certificate of purchase is received, the purchaser or his assignee may file a petition for tax deed in the circuit court, praying that the court direct the county clerk to issue a tax deed if the real estate is not redeemed from the sale. (Ill. Rev. Stat. 1985, ch. 120, par. 747a.) Section 266 *700 contemplates a summary judicial determination of the petitioner's entitlement to the tax deed; interested parties may appear and object. (Young v. Madden (1960), 20 Ill.2d 506, 170 N.E.2d 551.) At the hearing, it is the duty of the court to determine whether all conditions precedent to the issuance of a tax deed have been satisfied. (Smith v. D.R.G., Inc. (1976), 63 Ill.2d 31, 344 N.E.2d 468.) If no deed is issued and filed within one year following the expiration of the period of redemption, "the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null and void." Ill. Rev. Stat. 1985, ch. 120, par. 752.
 2 Here, the gravamen of the objection is that Fried was ineligible to purchase the property and thus executed a fraudulent affidavit in order to receive a certificate of purchase from the county treasurer and collector. The Revenue Act contains no requirement that an objection to the affidavit be raised prior to the trial court's confirmation of sale. To the contrary, under the provisions cited above, it is only after the confirmation of sale that the purchase is required to execute and deliver the affidavit in question to the county clerk to receive a certificate of purchase. Because the affidavit is not required under the Revenue Act to be submitted until subsequent to the confirmation of sale, an objection to the affidavit can hardly be raised prior to the time the trial court confirms the sale.
Additionally, there is nothing in the Revenue Act indicating that the order confirming the sale is final so as to preclude an objection to the purchaser's eligibility at the subsequent hearing on the petition for tax deed. Indeed, it is clear that section 266 views the petition for tax deed not as a new proceeding, but merely as a continuation of the prior proceeding  it provides that the purchaser may obtain a tax deed by filing a petition "in the same proceeding wherein the judgment of sale was entered." (Ill. Rev. Stat. 1985, ch. 120, par. 747.) Significantly, section 266 specifically provides that after the tax deed is issued, it can be contested only by an appeal from the order of the court directing the county clerk to issue the tax deed. Section 266 further indicates that relief from the tax-deed order may be had pursuant to section 2-1401 of the Code of Civil Procedure in "the same manner, upon the same grounds and to the same extent as may be had under that Section with respect to final orders, and judgments in other proceedings." (Ill. Rev. Stat. 1985, ch. 120, par. 747.) Hence, it is the issuance of the tax deed that gives rise to a final adjudication, rather than the confirmation of sale.
Petitioner's position not only fails to find support in the Revenue Act, but is further undermined by a recent decision by the Second *701 District of this court, In re Application of Boone County Collector (1985), 131 Ill. App.3d 939, 476 N.E.2d 800. In Boone, the holder of certificates of purchase for two lots filed petitions for tax deed pursuant to section 266. The petitioner was a lienholder on the property at the time it purchased the property at a tax sale. After the section 266 petition was filed, an objection was brought by a mortgagee of the property. The trial court denied the petitions for tax deed on the ground that the petitioner was ineligible to purchase the property at the tax sale because it was a lienholder on the property. The reviewing court affirmed the trial court's denial of the petitions, holding that the trial court correctly found that petitioner's interest in the property precluded it from taking title to the property. Hence, the trial court in Boone was not precluded from setting aside the purchase, due to the purchaser's ineligibility to buy the property, in the petition for tax-deed proceeding.
In summary, petitioner asks this court to hold that a successful bidder at a tax sale may submit a false affidavit in order to receive a certificate of purchase, and thereafter insist that the truthfulness of the affidavit is irrelevant to whether or not he is entitled to a deed. Such a result is not only unsupported by any authority, but belies common sense and would make it easier for those responsible for payment of delinquent taxes to circumvent them by purchasing their own properties at scavenger sales.

II
 3-5 We next turn to petitioner's argument that the trial court improperly dismissed with prejudice the tax-deed petition for her refusal to comply with discovery. Supreme Court Rule 219(c) provides that the trial court may dismiss with prejudice the suit of a party who refuses to comply with the rules of discovery or orders compelling discovery. (87 Ill.2d R. 219(c).) The imposition of sanctions is generally a matter within the discretion of the trial court, and its decision will not be disturbed absent an abuse of discretion. (Fine Arts Distributors v. Hilton Hotel Corp. (1980), 89 Ill. App.3d 881, 412 N.E.2d 608.) The sanction of dismissal, however, should be invoked only in those cases where the actions of a party show a deliberate, contumacious or unwarranted disregard of the court's authority. (Unity Ventures v. Pollution Control Board (1985), 132 Ill. App.3d 421, 476 N.E.2d 1368.) Where the trial court imposes a sanction for noncompliance pursuant to Rule 219(c), the offending party has the burden on appeal of establishing that his failure to comply with the court's discovery order was justified by extenuating circumstances or events. Cedric Spring & Associates, *702 Inc. v. N.E.I. Corp. (1980), 81 Ill. App.3d 1031, 1035, 402 N.E.2d 352.
Here, petitioner on appeal has characterized the objectors' interrogatories as "lengthy," "burdensome" and "patently designed for harassment." However, despite having many opportunities to do so, petitioner never filed in the trial court any motion attacking the interrogatories now complained of, nor seeking protection from what she now terms "harassment." As such, she has waived this issue on appeal. Shell Oil Co. v. Department of Revenue (1983), 95 Ill.2d 541, 449 N.E.2d 65.
Furthermore, even assuming this issue has not been waived, we cannot conclude that the interrogatories were overbroad or called for irrelevant information. The issue in this case concerns the relationship of the petitioner to the parties in the chain of title and to the purchaser of the property in question. The interrogatories which petitioner refused to answer seek information regarding the prior and contemporaneous business relationships between these various parties. Such information is probative to show the nature and extent of any agency relationship existing at the time of the tax sale among Fried, petitioner and parties responsible for payment of the delinquent taxes. See O'Neil & Santa Claus, Ltd. v. Xtra Value Imports, Inc. (1977), 51 Ill. App.3d 11, 365 N.E.2d 316.
 6 Based on the record before us, we cannot conclude that the trial court abused its discretion in dismissing the petition with prejudice. Petitioner made no attempt to answer the interrogatories served on her in July 1984, despite a court order requiring her to do so. Given that the matter was set for trial on September 12, 1984, petitioner should have recognized that timely compliance with discovery was essential. There is no affidavit or other matter of record tending to establish that petitioner's failure was warranted by extenuating circumstances or events. (Schwartz v. Moats (1971), 3 Ill. App.3d 596, 277 N.E.2d 529.) In view of the contumacious refusal of the petitioner to provide answers to interrogatories or even to point out wherein she thought them improper, the trial court had no choice other than to dismiss the petition. As our supreme court has observed:
"Our discovery procedures are meaningless unless a violation entails a penalty proportionate to the gravity of the violation. Discovery for all parties will not be effective unless trial courts do not countenance violations, and unhesitatingly impose sanctions proportionate to the circumstances." Buehler v. Whalen (1977), 70 Ill.2d 51, 67, 374 N.E.2d 460.
*703 Accordingly, given petitioner's conduct, the order of the trial court dismissing her petition with prejudice is affirmed.
Affirmed.
CAMPBELL and O'CONNOR, JJ., concur.
NOTES
[1] The People of the State of Illinois joined in the objection but, on petitioner's motion, were later dismissed as a party.
[2] Rule 201(k) provides in part that "[e]very motion with respect to discovery shall incorporate a statement that after personal consultation and reasonable attempts to resolve differences the parties have been unable to reach an accord." 87 Ill.2d R. 201(k).