WILLIAM R. MILLER, Plaintiff-Appellee, v. RONALD G. ALEXANDER, Defendant-Appellant.

Second District   No. 2—86—0285

———

Opinion filed December 12, 1986.

Shaw & Fabiano and Robert J. Shaw, both of Rockford, for appellant.

Nancy H. Mindrup, of Rockford, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Ronald Alexander, appeals from the trial court's order granting plaintiff's, William Miller's, motion to dismiss the action without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009(a)). Defendant contends on appeal that the trial court abused its discretion when it dismissed the action without prejudice. He asserts that the court should have dismissed the action with prejudice in accordance with his motion to dismiss pursuant to Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)).

Plaintiff brought this action to recover for injuries he sustained as a result of an automobile accident on October 3, 1982. Plaintiff filed his complaint two years later on October 3, 1984, alleging that the accident was due to defendant's negligence. Although an original summons was issued along with the complaint, plaintiff never attempted to serve the summons on defendant. Instead, on January 28, 1986, an alias summons was issued, and defendant was served the summons on February 4, 1986.

Defendant filed a motion before the trial court to dismiss the action with prejudice due to plaintiff's lack of diligence in obtaining service of process. Plaintiff responded with a motion for voluntary dismissal of the action without prejudice. The trial court, after hearing the arguments, granted plaintiff's motion to dismiss without prejudice from which order defendant appeals.

Defendant's argument on appeal is that once he established plaintiff's failure to exercise diligence to obtain service, the trial court abused its discretion by not dismissing the action with prejudice. Motions to dismiss for failure to exercise reasonable diligence to obtain service of process are addressed to the sound discretion of the trial court, and absent abuse of discretion, that court's ruling will not be disturbed. (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 742-43.) The court, however, did not reach the merits of defendant's motion to dismiss and, therefore, did not exercise its discretion in the matter. Therefore, defendant's lengthy discussion regarding the issue of diligence is not relevant to this appeal.

The trial court dismissed the action without prejudice based on section 2—1009 of the Code of Civil Procedure. Section 2—1009(a) provides in relevant part:

"The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or

any part thereof as to any defendant, without prejudice, by order filed in the cause." (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009.)

Defendant, however relied on Supreme Court Rule 103(b), which provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (87 Ill. 2d R. 103(b).)

At issue in this appeal is the interplay between Supreme Court Rule 103(b) and section 2—1009(a) of the Code of Civil Procedure. Defendant argues, and we agree, that granting a motion for voluntary dismissal circumvents the purpose of Supreme Court Rule 103(b). If defendant was successful on his Rule 103(b) motion, the action would be dismissed with prejudice. An action dismissed pursuant to section 2—1009 is without prejudice and can be refiled within a year. Ill. Rev. Stat. 1985, ch. 110, par. 13—217.

The Illinois Supreme Court has recently held that when a supreme court rule which concerns a matter within the court's authority and a statute on the same subject conflict, the rule will prevail. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281.) In *O'Connell,* which is factually similar to the case at bar, plaintiff relied on sections 2—1009 and 13—217 in response to a pending Rule 103(b) motion. The court held that the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion for voluntary dismissal. In light of the decision in *O'Connell, Kiven v. Mercedes-Benz* (1985), 142 Ill. App. 3d 245, 247, *Land v. Greenwood* (1985), 133 Ill. App. 3d 537, 540, and *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 744-45, are no longer good law.

Therefore, the trial court's decision to allow the action to be dismissed voluntarily is reversed, and the cause is remanded for the trial court to consider defendant's motion to dismiss pursuant to Supreme Court Rule 103(b).

Reversed and remanded.

DUNN and REINHARD, JJ., concur.