LORENZO MARTINEZ, Plaintiff-Appellant, v. JOHN R. ERICKSON *et al.*, Defendants-Appellees (Darroll Erickson, Defendant).

Third District    No. 3—86—0568

Opinion filed June 24, 1987.

Law Office of Louis Hilfman, Ltd., of Chicago (Louis Hilfman, of counsel), for appellant.

Ward, Murray, Pace & Johnson, P.C., of Sterling (Ole Bly Pace III and Linda E. Frischmeyer, of counsel), for appellee Bakkiam Subbiah.

Linda E. Frischmeyer, of Katz, McAndrews, Durkee, Balch & Lefstein, of Rock Island, for other appellees.

JUSTICE HEIPLE delivered the opinion of the court:

The circuit court of Whiteside County dismissed the plaintiff's case against defendant Subbiah and granted the motion for summary judgment made by the remaining defendants. The trial court's rulings were based on appellate and supreme court decisions issued after the circuit court took each of the defense motions under advisement. The plaintiff appeals, arguing that the trial court erred in applying the rules of the recently decided appellate and supreme court cases retroactively to this cause. We agree with the plaintiff and therefore reverse and remand.

On October 24, 1980, Lorenzo Martinez filed a complaint in Cook County against Dr. John Erickson, Dr. Darroll Erickson, and the Sterling-Rock Falls Clinic, Ltd. (the clinic). The complaint, which alleged medical malpractice, was filed on the day the applicable statute of limitations expired. On February 19, 1981, Martinez filed a medical malpractice suit in Cook County against Dr. Bakkiam Subbiah. That complaint was filed one day before the applicable statute of limitations

expired. The original suits remained pending for several months, during which time the plaintiff neither attempted nor effectuated service of process upon any of the defendants.

The cause of action against the Ericksons and the clinic was voluntarily dismissed without prejudice on July 27, 1981. On September 22, 1981, the cause of action against Subbiah was dismissed for want of prosecution with leave to refile within one year.

On July 26, 1982, acting pursuant to section 13—217 (Ill. Rev. Stat. 1981, ch. 110, par. 13—217), the plaintiff refiled against all defendants in Whiteside County. Summonses were also issued on July 26, 1982. The clinic and the Ericksons were served in the refiled case on July 29 and Subbiah was served on August 12.

Subbiah filed a motion to dismiss with prejudice for failure to exercise reasonable diligence in obtaining service of process after the expiration of the applicable period of limitations as required by supreme court rule 103(b) (87 Ill. 2d 103(b)). The clinic and the Ericksons initially filed an answer to the complaint, but were later granted leave to amend their answer to include the affirmative defense of the statute of limitations and unreasonable delay in obtaining service under Rule 103(b).

On June 17, 1985, the trial court heard arguments on defendant Subbiah's motion and took the matter under advisement pending this court's decision in *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, which was entered August 27, 1985. On September 17, 1985, the trial court filed a written opinion granting Subbiah's motion to dismiss, in accordance with the ruling in *Dillie*. The remaining defendants then filed a motion for summary judgment, asserting that the plaintiff's action was barred by the statute of limitations. The plaintiff later moved the court to reconsider its decision granting Subbiah's motion to dismiss. On February 21, 1986, the court granted the motion for summary judgment as to defendant Darroll Erickson and took the remaining motions under advisement.

On July 28, 1986, the trial court denied the plaintiff's motion to reconsider its ruling as to Subbiah. On that date, the court also granted summary judgment in favor of John Erickson and the clinic, citing *Dillie* and the supreme court's opinion in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273 (filed April 18, 1986) as authority for its rulings. The plaintiff appeals the dismissal of Subbiah and the order of summary judgment in favor of John Erickson and the clinic.

■ On appeal to this court, the plaintiff contends that under Illinois law in 1982 when he refiled this action, a plaintiff had, for a per-

iod of one year, an absolute right to refile an action which was dismissed for want of prosecution or voluntarily dismissed and a reasonable time thereafter to serve the defendants, regardless of any delay in service of process following the original filing of suit. He further asserts that rules announced in *Dillie* and *O'Connell* represent a change in existing law and therefore should not have been applied retroactively to this case. The defendants argue that *Dillie* and *O'Connell* did not establish any new principles of law overruling clear past precedent, and that even if they did overrule established precedent, prospective-only application of the new rules is not mandated. We find that the cases upon which the trial court relied represent a substantial change in Illinois law and therefore were not intended to apply retroactively.

■■ The Illinois Supreme Court may apply its decisions prospectively when retroactive application would be inequitable. Although the court did not indicate in *O'Connell* whether the decision should apply retroactively, the court has previously applied the test developed by the United States Supreme Court in *Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 30 L. Ed. 2d 296, 92 S. Ct. 349, for determining when a decision in a civil case should be applied prospectively only. The first factor in *Chevron*, which is emphasized by the Illinois and United States Supreme Courts (see *Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422), is that the decision to be applied nonretroactively must establish a new principle of law, either by overruling a clear past precedent on which litigants may have relied or by deciding a case of first impression whose result was not clearly foreshadowed. The second factor is whether the purpose and effect of the new rule will best be served by prospective or retroactive application. The final factor is whether it would be inequitable to impose retroactive application.

When the plaintiff refiled his suit, section 13—217 of the Illinois Code of Civil Procedure provided that in actions subject to statutes of limitation, if the action is voluntarily dismissed by the plaintiff or is dismissed for want of prosecution, then, whether or not the time limitation for bringing the action expires while the suit is pending, the plaintiff may refile his complaint within one year or within the remaining period of limitation, whichever is greater. (Ill. Rev. Stat. 1981, ch. 110, par. 13—217.) A nearly identical statutory provision was in force when the plaintiff filed his original suit. (Ill. Rev. Stat. 1979, ch. 83, par. 24a.) These statutes have at times conflicted with Supreme Court Rule 103(b), which requires a plaintiff to exercise reasonable diligence to obtain service and provides for the possibility of a

dismissal with prejudice if the failure to exercise reasonable diligence to obtain service occurs after the statute of limitations expires. 87 Ill. 2d 103(b).

Faced with the conflict between the statutes and the Supreme Court Rule in 1977, the Illinois Supreme Court determined that when a suit is dismissed for want of prosecution, the plaintiff has an absolute right to refile any time within the extended period provided in the statute. (*Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616.) The facts in *Aranda* were similar to those in the instant case. In the original action filed in *Aranda*, the defendant was not served before the case was dismissed for want of prosecution and the statute of limitations expired. Within the year following the dismissal, the plaintiff refiled and promptly served the defendant. The defendant moved to dismiss pursuant to Rule 103(b), alleging that the plaintiff had not been diligent in obtaining service since the filing of the first suit. The trial court dismissed the case under Rule 103(b), and the supreme court reversed. Service was obtained within 12 days of the date the complaint in the second case was filed, and the court observed that "[i]f the extended period of time of section 24 is to serve any useful purpose, plaintiff must be accorded a reasonable time after refiling his complaint within which to obtain service." (66 Ill. 2d 616, 620.) The court did not prohibit a trial judge from considering the overall span of time between the filing of the first complaint and service of summons in the second case when determining whether a plaintiff exercised diligence, but when considering the time span, the court stated that "the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 cannot be so abbreviated as to make the right granted by that section meaningless." (66 Ill. 2d 616, 620.) In his special concurrence, Justice Dooley argued that under the statute, the span of time between the filing of the first suit and the service of summons in the second is wholly immaterial and that the plaintiff's diligence is to be measured only after the filing of the second suit.

In 1977, the Illinois Supreme Court also decided *Franzese v. Trinko* (1977), 66 Ill. 2d 136. There, a trial court dismissed a suit refiled pursuant to section 24 because the plaintiff failed to act with diligence in refiling the suit. The supreme court reversed, finding the language of section 24 to be clear and unambiguous and further finding no indication on the part of the legislature to apply the statute only to the diligent suitor.

The precedents established in *Aranda* and *Franzese* were followed by several appellate courts in the ensuing years. For example,

in *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, the plaintiff responded to a Rule 103(b) motion to dismiss, filed after the statute of limitations expired, by moving for voluntary dismissal, which was allowed. When the plaintiff later refiled pursuant to section 24, the trial court granted the defendant's motion for dismissal under Rule 103(b), reasoning that since the action would have been dismissed with prejudice under Rule 103(b) if the defendant's motion had been heard first, the second suit could not be allowed in light of the plaintiff's lack of diligence. The appellate court reversed, citing *Franzese* and *Aranda*, and stated:

"While it is obvious that plaintiff, in this case, comes within the letter though not the spirit of section 24, we conclude that he is nevertheless entitled to refile his cause of action within one year following a voluntary dismissal irrespective of his failure to exercise reasonable diligence to obtain service on defendant prior to the expiration of the applicable statute of limitations." (101 Ill. App. 3d 741, 744.)

The court concluded "that the only condition precedent which plaintiff must demonstrate in order to rely upon section 24 is that the original action was filed within the applicable statute of limitations." 101 Ill. App. 3d 741, 745. See also *Land v. Greenwood* (1985), 133 Ill. App. 3d 537; *O'Connor v. Ohio Centennial Corp.* (1984), 124 Ill. App. 3d 281.

In *Dillie v. Bisby* (1985), 136 Ill. App. 3d 170, this court held for the first time that trial courts should have discretion to consider defense motions which might result in dismissals with prejudice, such as Rule 103(b) motions, before ruling on a plaintiff's voluntary dismissal motion.

The supreme court, in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, held that when a plaintiff seeks to respond to a Rule 103(b) motion by voluntarily dismissing the case and refiling within one year as provided by statute, the Rule 103(b) motion must be heard on its merits prior to a ruling on the plaintiff's motion to dismiss. The court further held that sections 2—1009 and 13—217 (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1009, 13—217), to the extent that they allow a plaintiff to dismiss his complaint and refile without reference to service of process on the original complaint, unduly infringe upon the judiciary as it seeks to discharge its duties fairly and expeditiously. (112 Ill. 2d 273, 283.) Importantly, the court further determined that in deciding the merits of the pending Rule 103(b) motion, the trial court may consider the circumstances surrounding the plaintiff's service of process on the original as well as the refiled complaint. Although the plaintiff in *O'Connell* served the defendant hospi-

tal with summons nine days after the suit was refiled, the supreme court reversed the circuit court's order denying the defendants' Rule 103(b) motions.

Supreme Court Rule 103(b), which imposes upon plaintiffs a duty of timely notice, has been in force since 1970. However, the supreme court previously held that following a dismissal for want of prosecution, a plaintiff has an absolute right to refile at any time within the extended period. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136.) Although the court earlier stated that a trial court could consider the overall span of time from the original filing of suit to the actual service of summons in the second case in assessing the plaintiff's diligence under Rule 103(b), it further stated that the plaintiff must be allowed a reasonable time to obtain service in the refiled suit or the right provided in the extended limitations statute is meaningless. *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 620.

Therefore, our review of the case law prior to *Dillie* and *O'Connell* reveals that the rules announced in these recent cases establish a new principle of law and overrule a clear past precedent on which litigants may have relied. The plaintiff in the instant case, who refiled within one year of the dismissals and promptly served all defendants, clearly relied on the earlier line of decisions which represented the law at the time of the original filing and for several years after the refiling of this cause of action. Accordingly, the first factor in determining whether decisions should apply retroactively weighs heavily in the plaintiff's favor and against retroactive application of the new rule.

We acknowledge that in a similar case the first district concluded that the principles announced in *O'Connell* are not new and that the case should not be limited to prospective application. (*Muskat v. Sternberg* (1986), 151 Ill. App. 3d 304.) We disagree with that court's interpretation of *Aranda* and the law as it existed prior to *O'Connell* and choose not to follow the decision of that court.

We now turn to the second and third factors listed by the Supreme Court in *Chevron Oil*, whether the purpose and effect of the new decision will best be served by retroactive or prospective application and whether it would be inequitable to impose retroactive application. The court in *O'Connell* discussed the importance of diligent service of process and determined that voluntary dismissal and refiling as allowed by statute may unduly delay the administration of justice. To the extent that the court's ruling is intended to deter dilatory tactics, we believe this purpose can be adequately served without unlimited retroactivity.

Finally, retroactive application would produce substantial inequitable results. Contrary to the defendants' arguments, the *Dillie* and *O'Connell* decisions were not foreshadowed or foreseeable. Our application of the decisions to these parties would prevent the plaintiff from pursuing any remedy whatsoever. To abruptly terminate this lawsuit would be to penalize the plaintiff for his counsel's justified reliance on prior law. The plaintiff's potential redress for his allegedly serious injury deserves protection, and nonretroactive application here simply preserves the plaintiff's right to his day in court.

We are mindful of the fact that the circuit court judge gave careful consideration to the most recent developments in the law before each ruling in this case. However, because *O'Connell* and *Dillie* represent a change in the law upon which the plaintiff and others may have relied, we believe retroactive application would lead to substantial injustice.

We acknowledge that in a recent case involving similar facts, the Illinois Supreme Court applied the *O'Connell* decision, even though the case had been dismissed on a Rule 103(b) motion before the *O'Connell* ruling was rendered. (*Catlett v. Novak* (1987), 116 Ill. 2d 63.) However, in the *Catlett* opinion the court did not examine the fact that *O'Connell* represents a clear change in the law, nor did it mention the issue of retroactive application of the new principles. Accordingly, based on our analysis of the law as it existed prior to *O'Connell*, we continue to believe that because *O'Connell* represents a significant change in the law, retroactive application of that decision is unwarranted and will lead to inequitable results. Therefore, we reverse the orders of the circuit court of Whiteside County and remand the cause for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SCOTT and STOUDER, JJ., concur.