MARY ALICE GRIFFIN *et al.*, Plaintiffs-Appellees, v. AREA E-7 HOSPITAL ASSOCIATION, d/b/a Sarah Bush Lincoln Health Center, Defendant-Appellant.—MARY ALICE GRIFFIN *et al.*, Plaintiffs-Appellees, v. LEWIS ADKINS, Defendant-Appellant (Area E-7 Hospital Association, d/b/a Sarah Bush Lincoln Health Center, Defendant).

Fourth District  Nos. 4—86—0821, 4—87—0039 cons.

Opinion filed July 23, 1987.

William O. Martin, Jr., of Samuels, Miller, Schroeder, Jackson & Sly, of Decatur, for appellant Area E-7 Hospital Association.

Thomas, Mamer & Haughey, of Champaign (William J. Brinkmann, of counsel), for appellant Lewis Adkins.

Londrigan, Potter & Randle, P.C., of Springfield, and Hume, Smith, Geddes & Green, of Indianapolis, Indiana (Alexandra De Saint Phalle, of counsel), for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, Mary Alice Griffin and Harvey O. Griffin, brought an action in the circuit court of Coles County to recover damages occasioned by the alleged negligent medical care and treatment rendered to Mary Alice Griffin by the defendants, Lewis Adkins and Area E-7 Hospital Association, d/b/a Sarah Bush Lincoln Health Center. Two years after filing suit, plaintiffs filed a motion for voluntary dismissal pursuant to section 2—1009 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1009). The defendants objected to the plaintiffs' motion but the trial court found that it had no discretion in ruling upon a motion filed under section 2—1009 and dismissed the suit without prejudice. Defendants appeal claiming section 2—1009 is unconstitutional because it constitutes an impermissible infringement upon the exclusive authority of the judiciary to administer the courts. We affirm.

On April 11, 1984, plaintiffs filed a four-count complaint against defendants seeking damages for personal injuries suffered by Mary Alice Griffin and for Harvey O. Griffin's subsequent loss of consortium due to alleged medical malpractice on the part of defendants. Over the next two years, the parties engaged in extensive discovery and the plaintiffs took several evidence depositions. Beginning in July 1986 several rulings in regard to discovery were made by the trial court adversely affecting the plaintiffs. A motion for summary judgment was also sought by defendant hospital which was denied. The

case was set for trial on December 15, 1986.

On November 5, 1986, the plaintiffs filed a motion seeking to voluntarily dismiss their complaint without prejudice pursuant to section 2—1009. At the time the motion was filed, there were no pending motions to dismiss or motions for summary judgment. After hearing arguments of counsel, the court granted the plaintiffs' motion over the objection of defendants on November 12, 1986.

The applicable provisions of section 2—1009 of the Code of Civil Procedure read as follows:

> Voluntary dismissal. (a) The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause. Thereafter the plaintiff may dismiss, only on terms fixed by the court (1) upon filing a stipulation to that effect signed by the defendant, or (2) on motion specifying the ground for dismissal, which shall be supported by affidavit or other proof. After a counterclaim has been pleaded by defendant no dismissal may be had as to the defendant except by the defendant's consent. Ill. Rev. Stat. 1985, ch.110, par. 2—1009(a).

Defendants' contention that section 2—1009 is an unconstitutional infringement upon the power of the judiciary to administer the courts is based on the authority of the Illinois Constitution, which provides that "[t]he judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." (Ill. Const. 1970, art. VI, sec. 1.) The exclusivity of this grant of judicial power is reenforced, according to defendants, by the separation of powers clause in the constitution. It reads: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, sec. 1.

Defendants argue that the same line of reasoning has recently been applied by the supreme court to section 2—1009 and is applicable here. In *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322, the court held that sections 2—1009 and 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1009, 13—217), which together gave plaintiffs an absolute right to voluntarily dismiss their suits and then refile them in one year, infringed upon the court's authority to regulate the judicial system of Illinois when they operated to thwart Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)). That rule provides that a plaintiff's lack of diligence in serving process will result in the dismissal of his complaint with preju-

dice. Therefore, the court held that a plaintiff cannot get around a motion to dismiss filed pursuant to Supreme Court Rule 103(b) by filing a motion for voluntary dismissal and then refiling his complaint within one year and getting prompt service on the defendant after the second filing.

While the supreme court did use a separation of powers analysis in the *O'Connell* case, it is the only exception that has ever been made to the absolute right afforded a plaintiff by section 2—1009 to obtain a voluntary dismissal prior to the start of trial or hearing. As noted by the court in *O'Connell*, the constitutional authority to promulgate procedural rules can be concurrent between the courts and the legislature. (*O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 281, 492 N.E.2d 1322, 1326.) Other attempts to narrow the scope of the application of section 2—1009 have been unsuccessful where the voluntary dismissal was taken: in order to refile with a jury demand where none was made on the filing of the first suit (*Kern v. Peabody Coal Co.* (1987), 151 Ill. App. 3d 807, 502 N.E.2d 1322); in the face of a pending motion to dismiss for failure to state a claim (*Mancuso v. Alda Blanche Beach* (1986), 149 Ill. App. 3d 188, 500 N.E.2d 589); and even in the face of pending motions for summary judgment (*Rohr v. Knaus* (1987), 153 Ill. App. 3d 1013, 506 N.E.2d 634; *Highland v. Stevenson* (1987), 153 Ill. App. 3d 390, 505 N.E.2d 776; *Russ v. Gandhy* (1986), 149 Ill. App. 3d 660, 500 N.E.2d 1032, *appeal denied* (1987), 113 Ill. 2d 584).

The defendants argue that the courts should be allowed to use their discretion and assess each case as it comes up in determining whether a voluntary dismissal is warranted and not be bound by the requirements imposed by section 2—1009 to grant the dismissal. At common law, however, plaintiffs could voluntarily dismiss without prejudice at any point before the judgment was rendered in a case. The supreme court in *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787, noted that the legislature, in enacting section 2—1009:

> "[A]ttempted to discourage vexatious suits by limiting the plaintiff's freedom, but only by preventing an automatic voluntary dismissal without prejudice after trial or hearing commenced." (104 Ill. 2d 302, 307-08, 472 N.E.2d 787, 789.)

The "infringement" which defendants complain of so mightily has actually benefited defendants to a greater extent than the courts had seen fit to do.

As the legislature has some concurrent jurisdiction with the courts and no other court in this State has been willing to expand the

*O'Connell* exception to section 2—1009 even when faced with the use of the section to avoid summary judgment motions, we decline to do so here where no dispositive motions were pending. As stated by the court in *Kahle*:

> "Any further limits on the plaintiff's common law rights should be enacted by the legislature, not declared by this court." 104 Ill. 2d 302, 308, 472 N.E.2d 787, 789.

For the foregoing reasons we affirm the order of the circuit court.

Judgment affirmed.

McCULLOUGH and LUND, JJ., concur.