168 Ill. App.3d 1075 (1988)
523 N.E.2d 106
ROBERT LAFIN, Plaintiff-Appellee,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellant.
No. 86-1411.
Illinois Appellate Court  First District (3rd Division).
Opinion filed April 13, 1988.
*1076 Zacarias R. Chacon and Thomas C. Lubben, both of Crotty and Hoyne, of Chicago, for appellant.
Douglas W. Graham, of Chicago, for appellee.
Judgment affirmed.
JUSTICE FREEMAN delivered the opinion of the court:
Plaintiff, Robert Lafin, filed a three-count contract action against defendant, Allstate Insurance Company, alleging it unjustifiably denied his claim for fire damage. Defendant moved to dismiss plaintiff's cause for failure to comply with discovery (107 Ill.2d R. 219(c)(v)), and thereafter plaintiff moved to voluntarily dismiss his complaint pursuant to section 2-1009 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2-1009.) The trial court granted plaintiff's motion and defendant appeals. The issue presented for our review is whether sections 2-1009 and 13-217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2-1009, 13-217) conflict with Supreme Court Rule 219(c) (107 Ill.2d R. 219(c)) and thus infringe upon the supreme court's authority to regulate the Illinois judicial system.
On April 7, 1981, a fire completely destroyed plaintiff's residence located at Rural Route 3 in Earlville. At the time of the fire, plaintiff's home was insured by plaintiff's policy which provided coverage for certain perils and risks including loss caused by fire.
On September 30, 1981, defendant notified plaintiff that his claim had been denied because he violated the terms and conditions of the policy. Specifically, defendant alleged that plaintiff intentionally set or caused the fire to be set. Seeking to collect the insurance proceeds allegedly due under the policy, plaintiff filed a three-count complaint against defendant on March 29, 1982. On September 23, 1982, defendant answered and asserted fraud and misrepresentation as affirmative defenses. Thereafter, defendant filed interrogatories on July 23, 1984, and on January 14, 1986, the trial court ordered the interrogatories answered on or before February 15, 1986. On March 31, 1986, while the interrogatories remained unanswered, defendant filed a motion to dismiss for failure to comply with discovery. Documents attached to its motion revealed that defendant had previously sent two letters pursuant to Supreme Court Rule 201(k) (107 Ill.2d R. 201(k)) and made two telephone calls requesting compliance. At *1077 the hearing on defendant's motion plaintiff moved to voluntarily dismiss his cause pursuant to section 2-1009 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2-1009.) The trial court granted plaintiff's motion, holding plaintiff had an absolute right to voluntarily dismiss his cause notwithstanding defendant's pending motion to dismiss.
Defendant, relying on O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 492 N.E.2d 1322, contends that section 2-1009 and section 13-217, which permit a plaintiff to commence a new action within one year after an action is voluntarily dismissed (Ill. Rev. Stat. 1985, ch. 110, pars. 2-1009, 13-217), deprive the judiciary of its ability to discharge its duties under Supreme Court Rule 219(c) (107 Ill.2d R. 219(c)).
In O'Connell the plaintiff filed a medical malpractice complaint on the last day prior to the running of the statute of limitations and then delayed several months in attempting to effect service. Thereafter, defendant moved to dismiss the plaintiff's cause with prejudice for failure to exercise reasonable diligence to obtain service after the applicable statute of limitations had expired (107 Ill.2d R. 103(b)), and plaintiff voluntarily dismissed his cause pursuant to section 2-1009 (Ill. Rev. Stat. 1985, ch. 110, par. 2-1009). Noting that due diligence in serving process is essential to the administration of justice without delay, the supreme court held that "where a plaintiff relies on sections 2-1009 and 13-217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on a plaintiff's motion to dismiss under section 2-1009." (O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 283, 492 N.E.2d 1322.) Further, the court determined that sections 2-1009 and 13-217, as invoked by the plaintiff, "unduly infringe upon this court's constitutional authority to regulate the judicial system of Illinois." O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 281, 492 N.E.2d 1322.
Stressing the similarities between the case at bar and O'Connell, the defendant argues that the court's interest in insuring a prompt resolution of pending litigation will not be served where a plaintiff is permitted to circumvent discovery rules by voluntarily nonsuiting his case with the option of refiling. Therefore, defendant concludes that Rule 219(c) conflicts with sections 2-1009 and 13-217. We disagree.
 1, 2 Supreme Court Rule 219(c) empowers the court to impose sanctions for failure to comply with discovery. Among the numerous sanctions available to the court is the option to dismiss the plaintiff's lawsuit with prejudice. This sanction, however, is the most severe *1078 available to the court and is employed only as last resort. (Humboldt-Armitage Corp. v. Illinois Fair Plan Association (1980), 86 Ill. App.3d 888, 408 N.E.2d 307.) On the other hand, failure to exercise reasonable diligence to obtain service after the expiration of the statute of limitations requires the court to dismiss the cause with prejudice. (107 Ill.2d R. 103(b).) Although the purpose behind the rules requiring prompt service of process and compliance with discovery is to keep litigation progressing without delay or prejudice, the specific purpose of Rule 103(b) is to alert defendants to the pendency of a civil suit, whereas the purpose of Rule 219 is solely to insure evidence is made available to the litigants while it exists. The option available to the trial court to impose a discovery sanction versus the mandate to dismiss a cause with prejudice for failure to exercise due diligence to obtain service distinguishes the rules. Where the trial court is vested with the authority to impose various sanctions for failure to comply, we conclude that the statutory provisions in question do not unduly infringe upon the supreme court's constitutional rulemaking authority when such sanctions are relied upon to escape a pending motion to dismiss premised upon Rule 219(c). Further, in reaching our conclusion we have reviewed Mancuso v. Beach (1986), 149 Ill. App.3d 188, 500 N.E.2d 589, Highland v. Stevenson (1987), 153 Ill. App.3d 390, 505 N.E.2d 776, appeal denied (1987), 116 Ill.2d 555, Rohr v. Knaus (1987), 153 Ill. App.3d 1013, 506 N.E.2d 634, appeal denied (1987), 116 Ill.2d 575, Russ v. Gandhy (1986), 149 Ill. App.3d 660, 500 N.E.2d 1032, appeal denied (1987), 113 Ill.2d 584, Kendle v. Village of Downers Grove (1987), 156 Ill. App.3d 545, 509 N.E.2d 723, appeal denied (1987), 116 Ill.2d 559, and Gibellina v. Handley (1987), 158 Ill. App.3d 866, 511 N.E.2d 884, appeal allowed No. 65781 and cause consolidated with No. 66010, Schmitt v. Motorola, Inc. (1987), 160 Ill. App.3d 1059, 513 N.E.2d 1069. In Mancuso, Highland, Rohr, Russ, Kendle and Gibellina, the appellate courts addressed the propriety of granting plaintiffs' section 2-1009 motions to dismiss while defense motions to dismiss premised upon section 2-615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2-615) (Mancuso) or a motion for summary judgment (Highland, Rohr, Russ, Kendle and Gibellina) were pending. In each cause, the court determined that the plaintiff had a right to voluntarily dismiss (Ill. Rev. Stat. 1985, ch. 110, par. 2-1009) the cause prior to consideration of defendant's motion. Our review of these cases supports our conclusion that the supreme court's holding in O'Connell is specifically limited to the interrelationship and conflict between Rule 103(b) and sections 2-1009 and 13-217 of *1079 the Code of Civil Procedure. See also Griffin v. Area E-7 Hospital Association (1987), 158 Ill. App.3d 720, 511 N.E.2d 256, appeal denied (1987), 116 Ill.2d 554.
Accordingly, the judgment of the circuit court is affirmed.
Affirmed.
McNAMARA, J., concurs.
JUSTICE RIZZI, specially concurring:
The significant facts in this case are simple. Plaintiff filed his lawsuit in March 1982. After defendant filed a responsive pleading, defendant filed interrogatories. In March 1986, while the interrogatories remained unanswered by plaintiff, defendant filed a motion to dismiss for failure to comply with the supreme court rules relating to discovery. To support his motion to dismiss, defendant filed documents demonstrating that letters and phone calls were made requesting compliance with the supreme court rules. At the hearing on defendant's motion to dismiss, plaintiff moved to voluntarily dismiss his case pursuant to section 2-1009 (Ill. Rev. Stat. 1985, ch. 110, par. 2-1009), with the apparent intention to refile the same case pursuant to section 13-217 (Ill. Rev. Stat. 1985, ch. 110, par. 13-217). The trial court denied a hearing on defendant's motion to dismiss, and the trial court entered an order allowing plaintiff to take a voluntary dismissal notwithstanding defendant's pending motion to dismiss for failure to comply with the supreme court rules relating to discovery. In my opinion, although the trial court ruled correctly in accordance with section 2-1009, I believe the trial court's ruling once again demonstrates the unfairness and abuses that are created by section 2-1009.
I do not find it necessary to discuss the obvious unfairness and abuse that this case presents, nor do I find it necessary to discuss the obvious unfairness and abuses that are presented in the many cases which have involved sections 2-1009 and 13-217. I list some of the other recent cases here merely to demonstrate the extent of the problem that the two legislative enactments have created:

Muskat v. Sternberg (1988), 122 Ill.2d 41; Catlett v. Novak (1987), 116 Ill.2d 63, 506 N.E.2d 586; People v. Joseph (1986), 113 Ill.2d 36, 495 N.E.2d 501; Meyers v. Bridgeport Machines Division of Textron, Inc. (1986), 113 Ill.2d 112, 497 N.E.2d 745; O'Connell v. St. Francis Hospital (1986), 112 Ill.2d 273, 492 N.E.2d 1322; Kiven v. Mercedes-Benz of North America, *1080 Inc. (1986), 111 Ill.2d 585, 491 N.E.2d 1167; Dillie v. Bisby (1985), 106 Ill.2d 487, 478 N.E.2d 1338; Kahle v. John Deere Co. (1984), 104 Ill.2d 302, 472 N.E.2d 787; Whamond v. McGill (1988), 168 Ill. App.3d 66; Semersky v. West (1988), 166 Ill. App.3d 637; In re Estate of Jackson (1987), 161 Ill. App.3d 573; Dassion v. Homan (1987), 161 Ill. App.3d 141, 514 N.E.2d 41; Jacobsen v. Ragsdale (1987), 160 Ill. App.3d 656, 513 N.E.2d 1112; Schmitt v. Motorola, Inc. (1987), 160 Ill. App.3d 1059, 513 N.E.2d 1069; Metcalfe v. St. Elizabeth's Hospital (1987), 160 Ill. App.3d 47, 513 N.E.2d 12; Gibellina v. Handley (1987), 158 Ill. App.3d 866, 511 N.E.2d 884; Griffin v. Area E-7 Hospital Assoc. (1987), 158 Ill. App.3d 720, 511 N.E.2d 256; Martinez v. Erickson (1987), 155 Ill. App.3d 1093, 509 N.E.2d 1032; Kendle v. Village of Downers Grove (1987), 156 Ill. App.3d 545, 509 N.E.2d 723; Sylvester v. Steinberg (1987), 152 Ill. App.3d 962, 505 N.E.2d 28; Kern v. Peabody Coal Co. (1987), 151 Ill. App.3d 807, 502 N.E.2d 1322; Miller v. Alexander (1986), 150 Ill. App.3d 594, 502 N.E.2d 40; Penrod v. Sears, Roebuck & Co. (1987), 150 Ill. App.3d 125, 501 N.E.2d 367; Mancuso v. Beach (1986), 149 Ill. App.3d 188, 500 N.E.2d 589; Hughley v. Alcaraz (1986), 144 Ill. App.3d 726, 494 N.E.2d 706; Jackson v. Schencker & Schencker (1986), 145 Ill. App.3d 232, 494 N.E.2d 669; Swisher v. Duffy (1985), 139 Ill. App.3d 691, 487 N.E.2d 696; Land v. Greenwood (1985), 133 Ill. App.3d 537, 478 N.E.2d 1203.
Under the circumstances, it appears to me that the General Assembly should consider limiting a plaintiff's right to take a voluntary dismissal under section 2-1009 or limiting the right to refile after a voluntary dismissal under section 13-217, to prevent the unfairness and abuse apparent in this case from reoccurring, and the unfairness and abuses created in similar cases.
The fact that section 13-217 should be examined by the legislature has already been noted by Justices Ryan and Moran of our Illinois Supreme Court. In Justice Ryan's concurring opinion, joined by Justice Moran, in Kahle v. John Deere Co., Justice Ryan stated: "I suggest that the General Assembly consider limiting the right to refile after a voluntary dismissal under section 13-217 to prevent the abuse apparent in this case." Kahle, 104 Ill.2d at 311, 472 N.E.2d at 792.
At common law a plaintiff had an absolute right to dismiss his suit without prejudice at any time before verdict or judgment. Under *1081 strict common law pleading this rule prevented loss of legitimate claims because of technical errors. Abuse of the right, however, led to highly inequitable results. Moreover, in view of the present wide discretionary power of judges relating to continuances and amendments of pleading, the primary reasons for any absolute right to dismiss have generally disappeared. 27 Fed. Proc., L.Ed. § 62:484 (1984); Note, Absolute Dismissal Under Federal Rule 41(a): The Disappearing Right of Voluntary Nonsuit, 63 Yale L.J. 738, 742 (1954).
The Illinois legislature attempted to discourage the inequitable results of an absolute right to voluntarily dismiss a suit by limiting a plaintiff's freedom to obtain a voluntary dismissal, but only by preventing an automatic voluntary dismissal without prejudice after the trial or hearing commenced. (Kahle v. John Deere Co., 104 Ill.2d at 307, 472 N.E.2d at 798.) However, as I have previously discussed, it is readily apparent that in spite of the present legislative limitation on a plaintiff's freedom to take a voluntary dismissal, unfairness and abuses relating to voluntary dismissals have been and are occurring in Illinois. Viewing the problem of voluntary dismissals generally, at least one commentator has suggested "placing dismissals at the discretion of the court from the time the complaint is filed." (Note, Absolute Dismissal Under Federal Rule 41(a): The Disappearing Right of Voluntary Nonsuit, 63 Yale L.J. 738, 743 (1954).) A more palatable change in Illinois would be simply to adopt the Federal rule on the subject. (D.C. Electronics, Inc. v. Nartron Corp. (6th Cir.1975), 511 F.2d 294, 298.) The plaintiff may obtain a voluntary dismissal without order of the court under FRCP 41(a)(1) in two manners: (1) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever occurs first; or (2) by filing a stipulation of dismissal signed by all parties who have appeared in the action. (27 Fed. Proc., L.Ed. § 62:484 (1984).) Specifically, FRCP 41(a)(1) states:
"(a) Voluntary Dismissal: Effect Thereof.
(1) By Plaintiff; by Stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication *1082 upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim." Fed. R. Civ. P. 41(a)(1).
It should be noted that at least 19 States presently follow the Federal rule:
Alabama (ARCP, Rule 41(a) (1983)); Arizona (16 A.R.S. Rules of Civil Procedure Rule 41(a) (1986)); Colorado (7A C.R.S. Rule 41(a) (1986)); Indiana (West's Ann. Ind. Code, Title 34, Appendix, Tr. 41 (1986)); Kansas (K.S.A., R.C.P., Chapter 60-241 (1983)); Kentucky (K.R.A., Rule 41(a) (1984)); Maryland (Md. Rule 3-506 (1987)); Michigan (Mich. R. Civ. Pro. Rule 2.504(A) (1986)); New Jersey (N.J. Court Rules, 1969, R.4:37-(1) (1986)); Nevada (N.R. C.P., Rule 41 (1987)); Montana (Chapter 20, M.C.A., Rule 41(a) (1985)); Mississippi (Miss. Rule of Civ. Proc. 41 (1986)); North Dakota (N.D. Century Code, Vol. 5B, Rule 41(a) (1987)); South Dakota (SDCL 15-6-41 (1984)); South Carolina (South Carolina Rule of Civil Procedure 41 (1987)); Utah (Rule 41, Utah Rule of Civil Pro. (1987)); Vermont (V.R.C.P. 41(a) (1971)); Wyoming (WY. Rule of Civ. Pro. Rule 41 (1979)); West Virginia (West Virginia R.C.P., Rule 41 (1986)).
Six States presently follow a variation of the Federal rule:
Florida ("any time before a hearing on motion for summary judgment") (Florida Stat. Ann., Rules of Court, R. 1.420 (West 1987)); New Mexico ("any time before filing of the answer") (SCRA 1986, Rule 2-305 (1986)); Louisiana ("prior to a general appearance") (La. Code Civ. Proc. art. 1671 (West 1961)); N.Y. ("any time before a responsive pleading * * * or within 20 days after service of the pleading asserting the claim") (N.Y. Civil Practice Law § 3217(b) (McKinney 1970)); Oklahoma ("any time before a petition of intervention to answer praying for affirmative relief") (Okla. Stat. Ann. tit. 12, § 684 (West 1960)); Wisconsin (any time before responsive pleading) (Wis. Stat. Ann. § 805.04 (West 1977)).
Accordingly, I concur in the opinion of the majority, but I would like to suggest that the General Assembly reexamine sections 2-1009 and 13-217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2-1009, 13-217).