HEUER SONS IMPLEMENT COMPANY, INC., Plaintiff-Appellant, v. CLETUS DUKES, Defendant-Appellee.

Fifth District   No. 5—88—0355

Opinion filed April 28, 1989.

Tom K. O'Loughlin II and Kathleen A. Wolz, both of O'Loughlin, O'Loughlin & McManaman, of Cape Girardeau, Missouri, for appellant.

William Rudert, of Mike McCormick & Associates, of Vienna, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Heuer Sons Implement Company, Inc., appeals from a judgment of the circuit court of Johnson County which dismissed, with prejudice, its cause of action against defendant, Cletus Dukes. The judgment of dismissal was entered by the circuit court pursuant to Supreme Court Rule 219(c)(v) (107 Ill. 2d R. 219(c)(v)) based on defendant's claim that plaintiff had not obeyed an order entered by the court pertaining to discovery and had otherwise refused, unreasonably, to comply with discovery rules. What is particularly unusual about the situation here is that the misdeeds which occasioned the imposition of sanctions against plaintiff occurred not in this litigation, but in a prior lawsuit which plaintiff had voluntarily dismissed pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). For the reasons which follow, we hold that the judgment of dismissal cannot be sustained. We therefore reverse and remand.

The circumstances giving rise to this appeal are not in dispute. The record indicates that several years ago plaintiff filed a lawsuit against defendant in the circuit court of Johnson County. In the course of that litigation, defendant moved to dismiss plaintiff's action with prejudice under Supreme Court Rule 219 (107 Ill. 2d R. 219) on the grounds that plaintiff had failed to comply with a discovery order entered by the court and had "otherwise failed to comply with discovery." Before the circuit court ruled on defendant's motion, plaintiff voluntarily dismissed its complaint without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). Plaintiff then filed a new action against defendant under authority of section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), which permits a plaintiff to refile an action within one year of a voluntary dismissal or within the remaining period of limitations, whichever is greater.

Once the new action had been commenced, defendant filed a new motion asking that it be dismissed with prejudice pursuant to Su-

preme Court Rule 219 (107 Ill. 2d R. 219). In his new motion, defendant did not claim that any additional discovery violations had been committed by plaintiff. Rather, he merely invoked the same grounds upon which his prior motion in the previous action had been based. Defendant's theory was that imposition of sanctions in the present case was necessary to prevent the procedures for taking a voluntary dismissal from being abused and utilized simply to evade rules and court orders relating to discovery. The circuit court agreed, and plaintiff's new cause of action was dismissed with prejudice. This appeal followed.

■■ ■ The imposition of sanctions under Supreme Court Rule 219 (107 Ill. 2d R. 219) for abuse of discovery rules and court orders is a matter within the discretion of the circuit court, and that court's decision will not be disturbed absent an abuse of discretion. (*Miller v. Board of Education, District 189* (1983), 119 Ill. App. 3d 88, 94, 456 N.E.2d 143, 147.) The sanction of dismissal with prejudice is, however, the most severe available to the court and is to be employed only as a last resort. (*Lafin v. Allstate Insurance Co.* (1988), 168 Ill. App. 3d 1075, 1077-78, 523 N.E.2d 106, 108.) The sanction should be invoked only in those cases where the actions of the party show a deliberate, contumacious or unwarranted disregard of the court's authority. (*In re Application of County Treasurer* (1986), 150 Ill. App. 3d 696, 701, 502 N.E.2d 268, 272.) No such conduct has been claimed or established in the present case. The only discovery abuses plaintiff is alleged to have committed occurred in the earlier action, which, as we have indicated, plaintiff voluntarily dismissed without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009).

■ At the time plaintiff took its voluntary dismissal, it had an absolute right to do so and to file a new action in accordance with section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). This was so even though plaintiff's purpose in taking the voluntary dismissal was to escape defendant's pending motion for discovery sanctions under Supreme Court Rule 219(c) (107 Ill. 2d R. 219(c)). (*Lafin v. Allstate Insurance Co.* (1988), 168 Ill. App. 3d 1075, 1078, 523 N.E.2d 106, 108-09.) If defendant here were now allowed to invoke plaintiff's misconduct in the prior action to obtain sanctions against plaintiff in this case, the absolute right secured to plaintiff to take a voluntary dismissal and file a new action later under the foregoing statutory provisions would be rendered meaningless.

■ Defendant attempts to resist this conclusion by invoking our

supreme court's decision in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322. Defendant argues that under *O'Connell*, the circuit court here properly considered the discovery violations committed by plaintiff in the prior case when it assessed the sanctions against plaintiff in the present case. We disagree. *O'Connell* dealt with a motion to dismiss under Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) for lack of due diligence in obtaining service of process, not, as in this case, a motion to dismiss for failure to comply with rules or court orders pertaining to discovery. Cases decided after *O'Connell* have made clear that it should be read and applied narrowly (see *Gibellina v. Handley* (1989), 127 Ill. 2d 122), and its holding has been limited to situations involving motions filed pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). See *Lafin v. Allstate Insurance Co.* (1988), 168 Ill. App. 3d 1075, 1078, 523 N.E.2d 106, 109.

■ Although plaintiff had an absolute right to voluntarily dismiss its complaint and then refile at the time of the events giving rise to this appeal, our supreme court has now altered the standards applicable to voluntary dismissals under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009). In *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 138, the court held that a trial court may now hear and decide "a motion which has been filed *prior to* a section 2—1009 motion when that motion, if favorably ruled on by the court, could result in a final disposition of the case." (Emphasis in original.) In announcing this new rule, however, the supreme court expressly stated that it would be applied "effective as of the date of filing of this opinion and prospectively only." (*Gibellina v. Handley,* 127 Ill. 2d at 137.) We therefore express no view as to how, if at all, the new rule may have affected the situation present here.

For the foregoing reasons, the judgment of the circuit court of Johnson County dismissing plaintiff's cause of action with prejudice is reversed, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

WELCH, P.J., and GOLDENHERSH, J., concur.