MARK D. LAND, Plaintiff-Appellant, v. CRAIG H. GREENWOOD, Defendant-Appellee.

Fourth District No. 4—84—0684

Opinion filed May 30, 1985.

Robert I. Auler, of Auler Law Offices, P.C., of Urbana, for appellant.

Keith E. Emmons, of Dobbins, Fraker, Tennant, Joy & Perlstein, of Champaign, for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This is a case of legal malpractice. The defendant, a licensed attorney, formerly represented the plaintiff in a personal injury suit. The defendant was discharged by the plaintiff and new counsel employed. Thereafter, plaintiff's personal injury suit was dismissed with prejudice for failure to obtain summons within a reasonable time on the defendants there. Plaintiff, through successor counsel, then brought the instant action. Defendant moved to dismiss pursuant to section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9)), and the motion was allowed by the circuit court of Champaign County; the cause was then dismissed with prejudice, and this appeal followed.

The underlying facts are largely undisputed. Plaintiff Land claimed that he was injured when he came into contact with an elec-

tric transmission line of Illinois Power Company. He retained defendant Greenwood to represent him on a contingent fee basis. One day before the statute of limitations expired, June 9, 1982, Greenwood filed a personal injury suit in the circuit court of Champaign County, naming 12 defendants, including Illinois Power Company and the city of Champaign. According to the record in that case (Land v. Illinois Power Co. *et al.*, Champaign County Circuit Court No. 82—L—652), summons was issued by the circuit clerk on June 9, 1982, for three defendants, Illinois Power Company, city of Champaign, and Paul Dauten, Jr. The two former ones were served June 11, 1982; the summons for Dauten was returned "Not Found," it appearing that he had died two years previously. The city filed a motion to dismiss, which was allowed by the circuit court on October 26, 1982.

In either December 1982 or January 1983, the record being in conflict, Land discharged Greenwood as his attorney. He retained successor counsel, Robert Auler, in February 1983. Service of process was had through his efforts on various other defendants during the months of May and June 1983. Motions to dismiss were filed by various defendants based upon a lack of diligence by the plaintiff in obtaining service on them under Supreme Court Rule 103(b) (87 Ill. 2d R. 103(b)). The individual motions were allowed and ultimately, on August 31, 1983, the circuit court dismissed the entire suit with prejudice on the same basis.

In response to the instant suit, defendant filed a double-barreled motion under sections 2—619(a)(9) and 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—619(a)(9), 2—615). The trial court's ruling was under section 2—619(a)(9). That section provides for involuntary dismissal based upon certain affirmative defenses which the court can resolve as a matter of law. *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105; *Brewer v. Stovall* (1977), 54 Ill. App. 3d 261, 369 N.E.2d 365.

 The motion was supported by Greenwood's own affidavit and was aimed at the allegation in the complaint that plaintiff's personal injury suit was "absolutely barred." The motion and its supporting affidavit alleged that the suit was not so barred; that plaintiff had the option of taking a voluntary nonsuit under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009) and refiling within a year under section 2—1009 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 13—217). In essence, the trial court by its ruling held as a matter of law that the personal injury suit was not absolutely barred, and therefore plaintiff could plead no set of facts entitling him to relief. We agree.

■ It has been established that a plaintiff may dismiss his suit voluntarily and refile within a year, if done prior to trial or hearing, notwithstanding the running of the statute of limitations or plaintiff's lack of diligence in obtaining service. *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 428 N.E.2d 711.

■ Plaintiff here contends that the proceedings taken on the city of Champaign's motion to dismiss were a "trial or hearing" within the meaning of section 2—1009 of the Code. We disagree. The supreme court has held that "trial" has not begun for purposes of section 2—1009 where no prospective jurors have been examined or sworn, no jury selected, and no opening statements made. It further held that "hearing" is the equitable equivalent of trial. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 472 N.E.2d 787.) Other authorities have held that a motion under section 45 of the Civil Practice Act, the predecessor of section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1979, ch. 110, par. 45), was not a hearing within the meaning of section 52 of the Civil Practice Act, the predecessor of section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1979, ch. 110, par. 52). *LaBarge, Inc. v. Corn Belt Bank* (1981), 101 Ill. App. 3d 741, 428 N.E.2d 711; *In re Marriage of Fine* (1983), 116 Ill. App. 3d 875, 452 N.E.2d 691.

The record shows that the city's motion was filed under section 2—615 of the Code. There was no "hearing" within the meaning of the statute.

The glaring defect in plaintiff's case is that it is only a matter of speculation as to whether the suit would have been barred at the time defendant was discharged. By its order of August 1983, the circuit court found that service not obtained until May or June 1983 following a filing of suit in June 1982 showed a lack of diligence, but the order did not provide anything regarding December 1982 or January 1983, the dates upon which defendant was dismissed by plaintiff. In any event, it remains clear that plaintiff could have taken a voluntary dismissal at any time up to August 1983, so long as it was done prior to the court's ruling on the motions under Supreme Court Rule 103(b).

Plaintiff has argued that successor counsel had no duty to take corrective measures to "rescue" discharged counsel. As an abstract proposition, it may have some merit, but the fact of the matter is that successor counsel had the duty to preserve his client's cause of action. It was viable when he received it; it was not when he got through with it.

■ Plaintiff also argues that prior counsel has the duty to "con-

tribute" his share of damages to plaintiff's loss. Contribution is a doctrine, now embodied in statutory law (Ill. Rev. Stat. 1983, ch. 70, par. 301 *et seq.*), requiring a sharing of damages among or between joint tortfeasors. Since there is only one defendant in the instant suit, we have difficulty comprehending how contribution can apply. The entire suit is aimed at Greenwood's actions during the time he had control of the litigation, *i.e.*, June 1982 to December 1982 or January 1983. The complaint alleges that "but for defendant Greenwood's lack of due diligence *** the Plaintiff would have recovered and collected a substantial award." This appears to us to be an allegation that Greenwood's actions were the sole cause of plaintiff's difficulty. If that be true, there is no basis for contribution.

Defendant's duty to plaintiff ceased upon his discharge. (Compare *York v. Stiefel* (1982), 109 Ill. App..3d 342, 440 N.E.2d 440, *aff'd in part & rev'd in part on other grounds* (1983), 99 Ill. 2d 312, 458 N.E.2d 488.) The cause of action was viable at the time of that discharge. It therefore follows that plaintiff can prove no set of facts which connect defendant's conduct with any damage sustained by plaintiff.

■ Plaintiff further argues that even if count I, a negligence count, were properly dismissed, he should still be allowed to proceed under count II, a breach of contract action. The allegations are the same in both counts. Moreover, an action for legal malpractice is one sounding in tort which arises out of a contract, express or implied, for legal services. With no additional allegations, the contract count is simply a restatement of the negligence count. (See *Yates v. Muir* (1985), 130 Ill. App. 3d 604, 474 N.E.2d 934.) The trial court was correct in dismissing count II for the same reasons as count I.

The order of the circuit court of Champaign County is affirmed.

Affirmed.

McCULLOUGH and MORTHLAND, JJ., concur.