WILLIAM R. MITCHELL, Plaintiff-Appellant, v. SCHAIN, FURSEL AND BURNEY, LTD., *et al.*, Defendants-Appellees (Schain, Fursel and Burney, Ltd., *et al.*, Defendants).

First District (4th Division)   No. 1—01—2108

Opinion filed July 11, 2002.

John L. Malevitis, of J.L. Malevitis & Associates, Ltd., of Chicago, for appellant.

Swanson, Martin & Bell, of Chicago (Sheryl A. Pethers, of counsel), for appellees.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff, William R. Mitchell, appeals from an order of the circuit court of Cook County granting summary judgment in his legal malpractice claim in favor of defendants, Schain, Fursel & Burney, Ltd., and James Graney. Plaintiff contends that the circuit court erred in concluding that, as a matter of law, defendants' conduct was not the proximate cause of the loss of his underlying claim and erred in find-

ing that the negligence of successor counsel acted as a superseding cause of the loss sufficient to break the chain of causation. For the following reasons, we affirm the judgment of the circuit court.

The following facts are adduced from the record. In 1989, plaintiff retained defendants to represent him in a property dispute with a developer and adjacent neighbor of plaintiff's, A. Fanizza. On September 10, 1990, the court granted plaintiff's summary judgment motion as to the liability of Fanizza and set the matter for hearing on September 24, 1990, to prove up damages. On August 14, 1991, the case was dismissed for want of prosecution (DWP). Plaintiff was not aware of the DWP. He alleged that he was told by defendants that his case was pending and there was no settlement offer or disposition in the near future. Thereafter, in January 1992, he discharged defendants and retained attorney Steven Koukios to represent him in his lawsuit against Fanizza.

In late December of 1995, Koukios summoned plaintiff to his office and informed plaintiff that he had not filed any pleadings on his behalf; he had another client by the name of Mitchell and had gotten the two files confused. Meanwhile, the DWP had never been vacated, and the right to reinstate plaintiff's action against Fanizza under the savings provision provided by section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1994)) had expired.

On December 16, 1997, plaintiff filed his claim for legal malpractice against defendants and his successor counsel, Koukios. In turn, defendants filed a third-party complaint for contribution against Koukios. Thereafter, on March 30, 2000, defendants moved for summary judgment, arguing that because plaintiff's cause of action remained viable at the time defendants were discharged, they were not the proximate cause of plaintiff's damages as a matter of law. The circuit court granted defendants' motion for summary judgment. Plaintiff eventually reached a settlement with Koukios in May 2001, and on May 8, 2001, the court dismissed all remaining claims.

■ Plaintiff contends that the circuit court erred in granting summary judgment because it could not be determined as a matter of law that Koukios was a superseding cause of his damages. He argues that but for defendants' alleged breach of their duties, plaintiff would not have been foreclosed from pursuing his cause of action and obtaining a judgment. Summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2000); *Petrovich v. Share Health Plan of Illinois, Inc.*, 188 Ill. 2d 17, 30-31, 719 N.E.2d 756, 764 (1999). Summary judgment can aid in the expeditious disposition of a lawsuit, but it is a drastic measure and should be

allowed only "when the right of the moving party is clear and free from doubt." *Purtill v. Hess*, 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871 (1986). If the plaintiff fails to establish any element of his claim, summary judgment is appropriate. *Pyne v. Witmer*, 129 Ill. 2d 351, 358, 543 N.E.2d 1304, 1307 (1989). Our standard of review is *de novo* (*Jones v. Chicago HMO Ltd. of Illinois*, 191 Ill. 2d 278, 291, 730 N.E.2d 1119, 1127 (2000)), and we may affirm on any basis found in the record (*Alliance Syndicate, Inc. v. Parsec, Inc.*, 318 Ill. App. 3d 590, 599, 741 N.E.2d 1039, 1045 (2000)).

■ To prevail in an action for legal malpractice, a plaintiff must plead and prove the following elements: (1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's malpractice, the plaintiff would have prevailed in the underlying action; and (4) actual damages. *Owens v. McDermott, Will & Emery*, 316 Ill. App. 3d 340, 351, 736 N.E.2d 145, 155 (2000). We recognize that, in assessing the damage inflicted by legal malpractice, prime consideration must be given to the situation in which the client was placed at the time of the termination of the legal services. *Schulte v. Burch*, 151 Ill. App. 3d 332, 334, 502 N.E.2d 856, 858 (1986).

For example, in *Land v. Greenwood*, 133 Ill. App. 3d 537, 428 N.E.2d 1203 (1985), the plaintiff had two attorneys in the underlying suit. The first failed to serve several defendants with process and then withdrew from the case. A second attorney assumed handling of the case. Four to five months after the second attorney was retained, the defendants were finally served with process. Those defendants filed motions to dismiss for lack of due diligence in the prosecution of the case. The trial court dismissed the case with prejudice. The plaintiff then sued his original attorney for legal malpractice, claiming that the dismissal was caused by the inactions of his first attorney. *Land*, 133 Ill. App. 3d at 538-39, 428 N.E.2d at 1204-05.

In holding that under this particular set of facts plaintiff could not state a case of legal malpractice against the discharged attorney, the court noted that successor counsel had a duty to preserve his client's cause of action. "It was viable when he received it; it was not when he got through with it." 133 Ill. App. 3d at 540, 428 N.E.2d at 1205. The court explained that plaintiff's successor attorney had an absolute right to voluntarily dismiss the suit before the trial court's order of dismissal. "The cause of action was viable at the time of [the first attorney's] discharge. It therefore follows that plaintiff can prove no set of facts which connect defendant's conduct with any damage sustained

by plaintiff."[1] *Land*, 133 Ill. App. 3d at 541, 478 N.E.2d at 1206. See *Kozmol v. Law Firm of Allen L. Rothenberg*, 241 A.D.2d 484, 485-86, 660 N.Y.S.2d 63, 64 (1997) (defendants could not be held liable for loss of client's cause of action despite failure to effect valid service on client's adversary, resulting in dismissal, where successor counsel, retained prior to dismissal, could have commenced a new action); see also *McGee v. Danz*, 261 Ill. App. 3d 232, 237, 633 N.E.2d 234, 237 (1994) (where plaintiff discharged defendant prior to the running of the applicable statute of limitations, as a matter of law, defendant was not liable for legal malpractice for failing to file a claim against third parties prior to expiration of statute of limitations); *Harvey v. Mackay*, 109 Ill. App. 3d 582, 587, 440 N.E.2d 1022, 1026 (1982) (holding that an attorney who fails to file suit within the applicable statute of limitations may not be sued for malpractice when the attorney withdrew more than a year before the limitations period ran); *Frazier v. Effman*, 501 So. 2d 114, 116 (Fla. App. 1987) (where second attorney has sufficient time to rectify problem before statute of limitations ran, first attorney not liable even if second attorney was not specifically notified of problem).

We recognize that there may be circumstances where the first attorney could be held to be a proximate cause of plaintiff's damages where his acts or omissions leave doubt about the subsequent viability of plaintiff's claim after his representation ends, such as when a statute of limitations expires one day after an attorney ceases representation and a new attorney could not reasonably recognize that problem in the time allowed. In those cases, it would be for the jury to determine whether the case was in fact reasonably "viable" at the time of discharge. Reasonable minds could differ as to whether the first attorney's actions or omissions were a proximate cause of plaintiff's injury. See, *e.g.*, *Villarreal v. Cooper*, 673 S.W.2d 631, 633-34 (Tex. Ct. App. 1984) (where there were only 77 days before statute of limitations ran, question remained whether enough time existed for successor counsel to take proper action). We merely hold that those circumstances are not present here.

■ In the present case, at the time defendants were discharged in January 1992, successor counsel had been retained and had an

---

[1]We recognize that, subsequently, the supreme court, in *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 492 N.E.2d 1322 (1986), held that when a plaintiff seeks to respond to a Rule 103(b) (134 Ill. 2d R. 103(b)) motion by voluntarily dismissing the case and refiling within one year as provided by statute, the Rule 103(b) motion must be heard on its merits prior to a ruling on the plaintiff's motion to voluntarily dismiss.

absolute right to refile the case under section 13—217 within one year from the date of the DWP, or until the statute of limitations ran on plaintiff's underlying claim, whichever was greater. 735 ILCS 5/13—217 (West 1994). The statute of limitations for damage to real property would have been five years from the date of his underlying injury, which occurred in 1989. 735 ILCS 5/13—205 (West 1994). Thus, successor counsel had from January 1992, when he was retained, until 1994 to refile plaintiff's cause of action. There is no question that plaintiff's cause of action was viable, as a matter of law, well after defendants were discharged and successor counsel was retained. It therefore follows that defendants' alleged negligence did not cause plaintiff's damages, the loss of a viable cause of action.

We are not persuaded by plaintiff's cited cases from other jurisdictions. Plaintiff relies on *Collins v. Greenstein*, 61 Haw. 26, 595 P.2d 275 (1979), *Wimsatt v. Haydon Oil Co.*, 414 S.W.2d 908 (Ky. 1967), and *Cline v. Watkins*, 66 Cal. App. 3d 174, 135 Cal. Rptr. 838 (1977), for the proposition that it is for the jury to determine whether successor counsel's failure to cure the negligence of the first counsel represents a superseding cause of the plaintiff's injury. While we do not disagree with that general proposition, these cases do not address the unique set of circumstances in this case. Here, we are dealing with a savings provision under which plaintiff had an absolute right to refile his cause of action for two years after defendants were discharged.

In *Collins*, the first attorney failed to allege affirmative defenses in the answer to a complaint filed against the plaintiff. When successor counsel, retained one month before trial, moved to amend the answer to include affirmative defenses, the motion was denied. The court held that based upon this evidence, a jury could reasonably conclude that the first attorney's conduct was a substantial factor in successor counsel's inability to amend the answer and could have been a foreseeable cause of plaintiff's injury. *Collins*, 61 Haw. at 46, 595 P.2d at 286.

In *Wimsatt*, the first attorneys brought suit on behalf of the plaintiff for the death of his wife and for property damage resulting from an automobile accident. They failed to present a claim for the plaintiff's own personal injuries within the limitations period of one year. The first attorneys were subsequently discharged, and when successor counsel attempted to amend the complaint, the cause of action was dismissed as being barred by the statute of limitations. After being sued, the first attorneys argued that their inaction was not the proximate cause of the plaintiff's damages, as successor counsel should have appealed the erroneous dismissal because the new action related back to the time of the original complaint.

The court noted that the second attorney was not negligent or

remiss in seeking to undo the legal harm caused by the alleged negligence of the first attorneys. It would require far too great a burden to impose upon a lawyer to foretell that such an appeal would be fruitful. The court held that the unsuccessful efforts of the second attorneys fell within the risk created by the negligence of the first attorneys. *Wimsatt*, 414 S.W.2d at 912.

Thus, in *Collins* and *Wimsatt*, there was a question for the jury whether a viable cause of action still remained after the first attorney was discharged. Here, there is no question that plaintiff had an absolute right to refile his cause of action for two years after defendants were discharged. It cannot be said that "but for" defendants' alleged breach of their duties, plaintiff was foreclosed from pursuing his underlying cause of action and obtaining a judgment.

Accordingly, for the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

HARTMAN and KARNEZIS, JJ., concur.