In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-1538

CARLOS G. ROCHA,

*Plaintiff-Appellant,*

*v.*

J. GORDON RUDD, JR., ANNE T. REGAN, PATRICIA A.
BLOODGOOD, ZIMMERMAN REED PLLP, GREGORY J. MEYERS,
SUSAN ELLINGSTAD, and LOCKRIDGE GRINDAL NAUEN PLLP

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 14 C 4857 — **Milton I. Shadur**, *Judge.*

ARGUED NOVEMBER 4, 2015 — DECIDED JUNE 22, 2016

Before KANNE, ROVNER, and SYKES, *Circuit Judges.*

KANNE, *Circuit Judge.* Defendants, a group of law firms
and several of their attorneys, had previously represented
Plaintiff Carlos Rocha and other FedEx delivery drivers in an
employment misclassification case against FedEx. The em-
ployment misclassification case ultimately settled, but Rocha
was excluded from the settlement. Just before the settlement

was finalized, Rocha retained Johnson, his current spouse, and discharged Defendants as his counsel. Rocha later sued Defendants in federal district court, alleging several theories of harm, including legal malpractice and fraud, in association with the case against FedEx. The district court dismissed Rocha's amended complaint, and Rocha appealed. We affirm.

## I. BACKGROUND

Although not a party here, much of this case's background involves FedEx, which includes FedEx Corporation ("FedEx Corp.") and its subsidiary FedEx Ground Package System, Inc. ("FedEx Ground"), a business that provides package delivery and pick-up service.

From late 2005 until November 2010, "Rocha delivered packages for FedEx's Chicago terminal, acting at various times as an employee and an independent contractor." *Rocha v. FedEx Corp.*, 15 F. Supp. 3d 796, 800 (N.D. Ill. 2014). Rocha is also the owner of Arize 11, an Illinois corporation formed in 2008, through which he contracted with FedEx. *Id.*

### A. *Fluegel v. FedEx Ground Package Sys., Inc.*

On April 20, 2005, a group of FedEx delivery drivers, represented by Defendants, filed a putative class action lawsuit against FedEx in the Northern District of Illinois. *Fluegel v. FedEx Ground Package Sys., Inc.*, No. 1:05-cv-02326, (N.D. Ill. dismissed Sept. 17, 2012). Their key allegation was that FedEx had misclassified them as independent contractors, thereby denying them protections under the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*

Later that year, *Fluegel* was consolidated with other cases in a multidistrict litigation ("MDL") proceeding in the Northern District of Indiana. In *Fluegel*, the MDL court denied class certification but granted partial summary judgment in favor of the plaintiffs, holding that they were employees under the IWPCA. *In re Fedex Ground Package Sys., Inc. Emp. Practices Litig.*, 2010 WL 2243246 at *1 (N.D. Ind. 2010). In the fall of 2010, the MDL court remanded *Fluegel* to the Northern District of Illinois, and litigation on the case continued.

On July 20, 2011, Rocha joined the *Fluegel* action. His retainer agreement with Defendants expressly limited the scope of Defendants' representation because he was pursuing other claims against FedEx on behalf of Arize 11, with separate representation by Johnson (his spouse). The retention agreement also affirmed Rocha's "absolute right to accept or reject any settlement" with FedEx negotiated by Defendants.

By 2012, over 100 additional plaintiffs had joined the *Fluegel* action. In April 2012, the parties in *Fluegel* agreed to mediation. A month later, on May 25, 2012, the parties notified the court that they had reached a tentative settlement. Soon after, Defendants were notified by Rocha, through Johnson, that he would object to the settlement if it required release of his Arize 11 claims.

On June 5, 2012, Defendants explained in a letter to Rocha the material terms of the proposed settlement, including the total settlement amount, each individual plaintiff's portion, and attorney's fees. Furthermore, this letter stated that for the settlement, FedEx required "from every Plaintiff a release of all claims against FedEx both individually and on

behalf of any associated corporation." This letter concluded by reiterating Rocha's ability to make the final determination of whether to join the settlement. Throughout the summer of 2012, on multiple occasions, Defendants discussed with Rocha the proposed settlement terms, including the required release of all claims by Rocha and Arize 11 against FedEx.

The parties in *Fluegel* filed a joint motion to approve the settlement agreement, and on August 7, 2012, the district court approved it.

On September 10, 2012, Johnson filed a notice of appearance as counsel for Rocha in *Fluegel*. On September 14, 2012, Defendants filed a motion to withdraw as counsel for Rocha, and on September 17, 2012, the district court granted this motion, stating, "Ms. Johnson has informed Plaintiffs' Counsel on behalf of Mr. Rocha, that she does not oppose their withdrawal from representation of Mr. Rocha." Also on September 17, 2012, the *Fluegel* court dismissed the case with prejudice for all named plaintiffs except Rocha, whose case was voluntarily dismissed without prejudice. Defendants confirmed that Rocha would not have to pay any attorney's fees or other expenses.

### B. Rocha's Lawsuits against FedEx in Federal and State Court

On October 30, 2012, Rocha and Arize 11, represented by Johnson, filed a 518-paragraph, 16-count complaint against FedEx and numerous FedEx executives, which included allegations of violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Sherman and Clayton Acts, and Illinois law. Rocha eventually amended the com-

plaint to 17 counts. In response, FedEx filed a motion to dismiss.

The district court dismissed Rocha's amended complaint on January 17, 2014, finding it to be "an egregious violation of Rule 8(a)." *Rocha*, 15 F. Supp. 3d at 805 (internal quotation omitted). The dismissal of Rocha's amended complaint was without prejudice, and Rocha was granted leave to file an amended federal complaint if he "can address the fundamental deficiencies set forth in this opinion in no more than 300 clear paragraphs that are not repetitive, speculative, or conclusory." *Id.* at 813. The court suggested, alternatively, that Rocha "proceed in state court instead of trying to establish federal jurisdiction for this dispute where none may exist." *Id.*

On January 16, 2015, Rocha and Arize 11, represented by Johnson, filed a complaint in state court against FedEx, alleging breach of contract, fraud, promissory estoppel, Illinois statutory violations, conspiracy to defraud and aiding and abetting of fraud, unjust enrichment, and conversion. *Rocha v. FedEx Corp.*, No. 2015-L-00506 (Ill. Cir. Ct. filed Jan. 16, 2015). This action is still ongoing.

### C. *Rocha's Lawsuit against Defendants*

Before filing his state-court complaint against FedEx, on June 27, 2014, Rocha brought the present action by way of an amended complaint against Defendants, claiming breach of contract, breach of fiduciary duties, fraud, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), and legal malpractice. Defendants moved to dismiss this lawsuit for failure to state a claim, pursuant to Rule 12(b)(6).

Over the next several months, the court held multiple hearings in which it repeatedly asked Rocha to provide evidence on what it deemed to be a dispositive issue—to show that his *Fluegel* claims against FedEx were not viable at the time that he substituted Johnson for Defendants as his counsel.

Rocha failed to make such a showing, and on February 11, 2015, the district court granted Defendants' motion and dismissed Rocha's amended complaint with prejudice. In doing so, the court found that Rocha had chosen to be excluded from the 2012 *Fluegel* settlement. (Sent. Tr. 9–10, Feb. 11, 2015.)

Then, the court ruled that under Illinois law, "Rocha loses as a matter of law, not of fact. The flaw that I think exists here is non-curable, and that is that there is no showing and no potential showing of a but-for cause when, as here, the claims are viable, were viable." (*Id.* 13.) The court concluded by stating that "your claim against FedEx in the State Court system, … you are entitled to do that … I make no comment on that." (*Id.* 16.) Rocha's appeal followed.

## II. ANALYSIS

"This court reviews a dismissal under Rule 12(b)(6) for failure to state a claim *de novo*," and it "may affirm on any ground contained in the record." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009).

On appeal, Rocha makes a number of scattered factual and legal arguments. We elect to examine what we understand to be Rocha's three primary contentions: that the district court erred by (1) dismissing his legal malpractice claim, (2) dismissing his fraud claim, and (3) dismissing his

amended complaint with prejudice. Because we find these sufficient to resolve the case, we need not address Rocha's other arguments. *See id.* at 578.

### A. Legal Malpractice Claim

To state a claim for legal malpractice under Illinois law, a plaintiff must plead the following elements: "(1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that 'but for' the attorney's malpractice, the plaintiff would have prevailed in the underlying action; and (4) actual damages." *Mitchell v. Schain, Fursel & Burney, Ltd.*, 773 N.E.2d 1192, 1193–94 (Ill. App. Ct. 2002).

"[I]n assessing the damage inflicted by legal malpractice, prime consideration must be given to the situation in which the client was placed at the time of the termination of the legal services." *Id.* at 1194. This is because an attorney's duty to his client ceases upon the attorney's discharge. *Land v. Greenwood*, 478 N.E.2d 1203, 1206 (Ill. App. Ct. 1985). If "[t]he cause of action was viable at the time of [the attorney's] discharge," then a plaintiff suing for legal malpractice "can prove no set of facts which connect [the attorney's] conduct with any damage sustained by plaintiff." *Mitchell*, 773 N.E.2d at 1194 (quotation marks omitted).

In this case, if Rocha's *Fluegel* claims were viable when he discharged Defendants, then he cannot establish legal malpractice as a matter of law.

Under Illinois law, if a plaintiff voluntarily dismisses a claim, "then, whether or not the time limitation for bringing such action expires during the pendency of such action, the

plaintiff … may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS 5/13-217 (West 1994).[1] The Illinois Supreme Court has held that "[s]ection 13-217 operates as a limitations savings statute, with the purpose of facilitating the disposition of litigation on the merits and avoiding its frustration upon grounds unrelated to its merits." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 44 (Ill. 2016). Furthermore, it has held that "section 13-217 … [is] remedial in nature and should be liberally construed in favor of hearing the plaintiff's claim." *Bryson v. News Am. Publ'ns, Inc.*, 672 N.E.2d 1207, 1223 (Ill. 1996).

In the present case, Rocha's *Fluegel* claims were still viable in September 2012, when Defendants were discharged. As an initial matter, Rocha retained Johnson as counsel *before* discharging Defendants in September 2012.[2]

On September 17, 2012, the *Fluegel* court voluntarily dismissed Rocha's claims without prejudice. At that time, Rocha had already retained Johnson, and he had an absolute right to refile his *Fluegel* claims as a new action until, at least, Sep-

---

[1] "This version of section 13–217 is currently in effect because it preceded the amendments of Public Act 89–7, § 15 (eff. Mar. 9, 1995), which this court found unconstitutional in its entirety in *Best v. Taylor Machine Works*, 689 N.E.2d 1057 (Ill. 1997)." *Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 44 n.1 (Ill. 2016).

[2] Johnson filed a notice of appearance as counsel for Rocha on September 10, 2012. Defendants filed a motion to withdraw as counsel for Rocha on September 14, 2012, and the district court granted Defendants' motion to withdraw on September 17, 2012.

tember 2013, one year after the voluntary dismissal.[3] Rocha exercised that right on October 30, 2012, by including his *Fluegel* claims in his voluminous 16-count complaint against FedEx.

Because Rocha's *Fluegel* claims were still viable when Defendants were discharged as his counsel, he cannot establish legal malpractice as a matter of law. *See Mitchell*, 773 N.E.2d at 1195 (applying section 13-217 to determine that "plaintiff's cause of action was viable, as a matter of law, well after [prior counsel] were discharged and successor counsel was retained").

### B. Fraud Claim

Rocha also argues that his fraud claim was improperly dismissed. From the record, it appears that the district court did not explicitly discuss Rocha's fraud claim. Therefore, we address it now on *de novo* review. *See Brooks*, 578 F.3d at 578 (affirming a dismissal under 12(b)(6) after examining a statute of limitations argument raised on appeal that the "district court did not explicitly address").

In his amended complaint, Rocha makes the following allegations of fraud against Defendants: (1) failure to disclose a promise by FedEx to pay "unrecoverable fees in exchange

---

[3] Rocha contends that his *Fluegel* claims include claims that the Defendants should have, but did not, assert in *Fluegel*, including common law fraud, breach of contract, and promissory estoppel. However, these unalleged claims were also viable under section 13-217 because they arose from the "same transaction" as the alleged claims in *Fluegel*. *See Richter*, 2016 IL 119518, ¶ 48 (allowing new claims in a refiled action under section 13-217 that arose from the "same transaction" alleged in the prior action).

for releases from a sufficient number of contractors" during July 2010 and July 2011 communications with Rocha; (2) failure to disclose the "amounts [they] would be paid under the final settlement agreement" in *Fluegel*; (3) misrepresentation of the "basis for [the] allocation of settlement amounts and fees" in the settlement in *Fluegel*; (4) misrepresentation and concealment of the "terms of the settlement" in *Fluegel*; and (5) concealment of the "terms of the documents" presented to the *Fluegel* court for approval. (Am. Compl. ¶ 113.)

"In alleging fraud … a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This court has held that under the Rule 9(b) particularity requirement, plaintiffs must plead the "who, what, when, where, and how: the first paragraph of any newspaper story" of the alleged fraud. *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (internal quotation marks omitted). This requirement includes "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Uni\*Quality Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (internal quotation marks omitted).

Additionally, because fair notice is the "most basic consideration underlying Rule 9(b)," in a case involving multiple defendants, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 777–78 (7th Cir. 1994) (citations and internal quotation marks omitted).

In the instant case, we find that Rocha's fraud claim, as pleaded in his amended complaint, must be dismissed because his allegations fall far short of the heightened pleading

standards required under Rule 9(b). For each of his allegations, Rocha fails to provide the specific names, dates, times, or content of the misrepresentations or omissions that give rise to the alleged fraud. Furthermore, even though his suit is against multiple Defendants, Rocha also fails to provide fair notice to each individual Defendant concerning the nature of his or her alleged participation in the fraud. In the context of fraud, this court has previously "rejected complaints that have 'lumped together' multiple defendants," and we do so again here. *Id.* at 778.

This, however, does not end our discussion. Rocha argues that he had attempted to cure the pleading defects in his fraud claim by moving for leave to file a second amended complaint, which the district court denied as moot. (Rocha Reply Br. 3). For completeness, we proceed and examine Rocha's fraud claims in his proposed second amended complaint, which is included in the record. We conclude that these allegations cannot survive a motion to dismiss. Even if these allegations were able to satisfy the pleading requirements for fraud under Rule 9(b), they still fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (internal quotation marks omitted)).

Regarding whether a complaint states a plausible claim of relief, the Supreme Court has articulated a two-pronged approach in which a court: (1) first identifies the well-pleaded factual allegations by discarding the pleadings that are "no more than conclusions" and (2) then determines whether the remaining well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679.

Here, after discarding all conclusory statements of wrongdoing, it appears that Rocha's proposed second amended complaint merely alleges the following: that Defendants engaged in fraud during communication with Rocha between June and August 2012 regarding the terms of the *Fluegel* settlement. (Pl.'s Proposed Second Am. Compl. ¶¶ 140–53.) Not only do Rocha's claims fail to "plausibly give rise to an entitlement to relief," but they are completely undercut by his own pleadings and exhibits, which establish Defendants' honest and clear presentation of the settlement terms, including FedEx's requirement for release of all claims by individuals and associated corporations. (*Id.* ¶¶ 140–53, Exs. A, B, C, D, E, G, H).

Accordingly, Rocha's fraud claims must be dismissed.

### C. *Dismissal with Prejudice*

Lastly, Rocha contends that the district court erred by dismissing his amended complaint with prejudice, instead of dismissing without prejudice for lack of subject matter jurisdiction. We disagree.

Rocha mischaracterizes why the district court dismissed his claim—it was for failure to state a claim, not lack of subject matter jurisdiction. Regarding a district court's dismissal of a complaint for failure to state a claim, the Supreme Court has unambiguously held the following:

> Jurisdiction, therefore, is not defeated … by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdic-

> tion. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682 (1946).

In the present case, the district court correctly ruled that Rocha could not establish a legal malpractice claim as a matter of law because his *Fluegel* claims were still viable after he discharged Defendants as his counsel. This constitutes a determination on the merits. The district court gave Rocha ample opportunity over several months—through supplemental briefings and multiple hearings—to develop his claims before making its ruling.

Furthermore, our analysis of Rocha's fraud claim also constitutes a determination on the merits. Neither Rocha's amended complaint, nor his proposed second amended complaint could meet the requisite pleading standards. His own pleadings and attached exhibits defeat any plausible claim of fraud.

Therefore, the district court dismissal of Rocha's amended complaint with prejudice was proper.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.