NOTICE

Decision filed 09/01/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190413-U

NO. 5-19-0413

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| BOBBI JO FULTS, n/k/a Bobbi Jo Baron, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 16-L-627 |
| | ) | |
| EDWARD J. BLAKE JR., MEGAN M. GILBRETH, | ) | |
| and BLAKE BEHME LAW GROUP, P.C., | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Presiding Justice Welch and Justice Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in dismissing the plaintiff's complaint for legal malpractice because at the time defendants withdrew, with the plaintiff's consent, from representing the plaintiff in the underlying divorce proceeding, the plaintiff's claim for a fair and equitable distribution of the marital assets remained viable and discovery had not been cut off, and thus the plaintiff could not show that any act or omission on the part of the defendants caused her to enter into an allegedly unconscionable settlement after she waived her right to substitute counsel and proceeded *pro se*.

¶ 2    The plaintiff, Bobbi Jo Fults, now known as Bobbi Jo Baron, appeals the September

24, 2019, order of the circuit court of St. Clair County, which dismissed her claim for legal

1

malpractice against the defendants, Edward J. Blake Jr., Megan M. Gilbreth, and Blake Behme Law Group, P.C.. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     The plaintiff filed her original complaint on November 22, 2016, and her first amended complaint (complaint) on February 21, 2017. According to the complaint, between 1989 and 2007, the plaintiff and Kenneth Fults Jr. were married and divorced three times. In November of 2010, the plaintiff married Mr. Fults a fourth time. Sometime prior to November of 2015, the plaintiff retained the defendants to represent her in a fourth divorce from Mr. Fults. The complaint alleges, *inter alia*, that the defendants failed to discover all of Mr. Fults' assets prior to a hearing on November 23, 2015, and failed to seek a continuance of that hearing to allow for further discovery. In addition, the complaint alleges that the defendants withdrew from representing the plaintiff "minutes before" the hearing, in which the plaintiff and Mr. Fults sought the divorce court's approval of a marital settlement agreement that the plaintiff alleges was unconscionable. The complaint alleges the marital estate consisted of $2.5 million in assets, and the marital settlement agreement provided the plaintiff would receive a home in Smithton worth $250,000 and $750 a week in child support.

¶ 5     In addition to the foregoing, the complaint alleges the defendants breached their duty to the plaintiff because they withdrew from her representation knowing the following: (1) the defendants were not prepared to try the plaintiff's case, (2) the plaintiff would be unrepresented at the November 23, 2015, hearing, (3) the plaintiff was suffering from depression and anxiety at the hearing, (4) the plaintiff had been taking Xanax for years,

2

(5) the plaintiff was subject to emotional distress and undue influence at the hands of Mr. Fults, and (6) the plaintiff continued to have a sexual relationship with Mr. Fults and was paid by Mr. Fults for sex. According to the complaint, the defendants also breached their duty to the plaintiff because they failed to inform the divorce court of the foregoing facts prior to withdrawing as the plaintiff's counsel.

¶ 6     In addition to the allegations regarding the events leading up to the plaintiff's consent to the marital settlement agreement in the 2015 divorce, subparagraph (i) of paragraph 22 of the complaint states that the defendants were negligent:

> "By failing to appeal a court order entered in the 2007 divorce case granting [Mr. Fults'] Motion for a Judicial Deed for the real property at 3520 Bridge Lane, Millstadt, IL after the order was entered on January 6, 2015. [Mr. Fults] had re-transferred that property to Plaintiff as a joint tenant after the 2007 divorce was over and he and Plaintiff were living together again."

¶ 7     The complaint alleges that as a proximate result of these negligent acts or omissions, the plaintiff sustained a loss of her fair and equitable share of the marital property, attorney fees incurred in attempting to vacate the marital settlement agreement, mental and emotional distress, and the attorney fees she paid to the defendants. According to the complaint, the plaintiff had filed a petition to vacate the judgment in the divorce case pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), and that petition remained pending before the divorce court. According to the plaintiff's section 2-1401 petition, the marital settlement agreement was unconscionable for the following reasons: (1) the defendants withdrew as the plaintiff's

3

attorneys "only a few minutes" before the hearing to approve the marital settlement agreement; (2) the plaintiff was unrepresented at the approval hearing; (3) the plaintiff was suffering from depression and anxiety at the time of the hearing; (4) the plaintiff had been taking Xanax for many years prior to the hearing to help her cope with the severe emotional distress that resulted from her relationship with Mr. Fults; (5) the marital property was worth more than $2.5 million at the time of the divorce; and (6) Mr. Fults consistently concealed his assets and income from the plaintiff, the courts, and governmental taxing authorities.

¶ 8     Prior to the time that plaintiff amended her complaint, the defendants filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2016)) that was directed toward the original complaint. Nevertheless, the parties continued to file pleadings addressing the motion to dismiss and the circuit court held a hearing. On April 18, 2017, the Honorable Christopher T. Kolker entered an order stating as follows:

> "Motion DENIED at this time. While a Motion for Summary Judgment may show the case cannot succeed, there are alleged facts regarding discovery that may present a legal cause of action. Nothing in this Order should preclude Defendants from later presenting any of the arguments in the instant motion to dismiss."

¶ 9     On April 27, 2017, the defendants filed an answer to the complaint. The defendants raised several affirmative defenses in their answer, including judicial estoppel and collateral estoppel. On October 25, 2017, the defendants filed a second motion to dismiss based on the doctrine of collateral estoppel. 735 ILCS 5/2-619(4) (West 2016). According

4

to that motion, the plaintiff's complaint was barred by the doctrine of collateral estoppel because, on July 6, 2017, the divorce court entered an order denying the plaintiff's section 2-1401 petition to vacate the judgment approving of the marital settlement agreement. On January 10, 2018, the Honorable Vincent J. Lopinot[1] entered an order denying the defendants' motion "without prejudice."

¶ 10   On September 5, 2018, this court reversed the divorce court's order denying the plaintiff's petition to vacate the judgment approving of the marital settlement agreement in the divorce case. *In re Marriage of Fults*, 2018 IL App (5th) 170290-U. This court remanded the divorce case to the circuit court for an evidentiary hearing on the plaintiff's petition to vacate because the plaintiff's petition contained allegations that, if proven, may have entitled her to have the marital settlement agreement vacated. *Id.* ¶ 24. On July 25, 2019, the defendants filed another motion to dismiss in this action, pursuant to sections 2-615 and 2-619(a)(9) of the Code. 735 ILCS 5/2-615, 2-619(a)(9) (West 2018). In that motion, the defendants argued that the plaintiff's complaint should be dismissed based on the doctrine of judicial estoppel because she took a contrary position regarding the marital settlement agreement by consenting to it in her divorce case. In the alternative, the defendants argued that the plaintiff failed to state a cause of action for legal malpractice because the defendants withdrew from representing the plaintiff in the divorce action prior to the plaintiff's consent to the marital settlement agreement. In addition, the defendants argued that the plaintiff had entered into another settlement agreement in the divorce action

---

[1]The Honorable Christopher T. Kolker recused himself on November 2, 2017.

after this court remanded the divorce action for a hearing on the section 2-1401 petition and therefore cannot show proximate cause.

¶ 11    The defendants attached several documents from the divorce case to their motion to dismiss. Exhibit A is the November 23, 2015, order stating that the divorce case was called on the plaintiff's consent to the defendants' withdrawing from her representation. According to the order, the plaintiff indicated to the divorce court that she wished to waive her right to hire a new attorney. Exhibit B is the November 23, 2015, transcript of the proceedings wherein the plaintiff, along with Mr. Fults, sought the approval of the divorce court for their marital settlement agreement. At the beginning of the transcript, the divorce court notes that the plaintiff had consented to the defendants' withdrawal earlier that morning and wished to proceed *pro se*. Exhibit C is what the defendants called a docket sheet for the divorce case. However, this exhibit abbreviates the pleadings and orders entered in the divorce case. Exhibit D is a copy of the plaintiff's November 22, 2016, motion to vacate the marital settlement agreement. Exhibit E is a copy of a settlement agreement between the plaintiff and Mr. Fults, dated April 24, 2019, in which the plaintiff agreed to dismiss her section 2-1401 petition against Mr. Fults in the divorce case in exchange for an additional lump sum payment, increased child support, maintenance, and the deed to specific real estate. The settlement agreement in the divorce case recognizes that there is a pending legal malpractice claim but makes no provision for the disposition of that claim other than to require that the settlement agreement, while confidential, would be provided to the defendants.

¶ 12     On August 26, 2019, the circuit court held a hearing on the defendants' motion to dismiss. The circuit court, the Honorable Heinz M. Rudolf presiding,[2] entered an order on that date allowing an amendment to the motion to dismiss to specify that it was directed at the first amended complaint. The circuit court took the motion under advisement and on September 24, 2019, entered an order granting the defendants' motion to dismiss. On September 30, 2019, the plaintiff filed a notice of appeal.

¶ 13                                    ANALYSIS

¶ 14     The circuit court dismissed the plaintiff's complaint pursuant to sections 2-615 and 2-619(a)(9) of the Code. 735 ILCS 5/2-615, 2-619(a)(9) (West 2018). "Our standard of review of motions to dismiss, under either section 2-615 or 2-619, is *de novo*." *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583-84 (2000). A motion to dismiss under section 2-615 challenges a complaint's legal sufficiency based on defects apparent on the face of the complaint. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47. To survive a section 2-615 motion, a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action. *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161 (2009). In ruling on a section 2-615 motion to dismiss, the court must accept all well-pleaded facts, as well as any inferences drawn therefrom, as true. *Id.* Of specific import to our analysis here, the court can also consider judicial admissions in the record and matters of which the court is entitled to judicial notice. *K. Miller Construction Co. v. McGinnis*, 238 Ill. 2d 284,

---

[2]The Honorable Vincent J. Lopinot retired in November of 2018.

291 (2010). With these standards in mind, we turn to the elements of a cause of action for legal malpractice.

¶ 15    In order to prevail in an action for legal malpractice, a plaintiff must plead and prove the following elements: (1) an attorney-client relationship that establishes a duty on the part of the attorney; (2) a negligent act or omission constituting a breach of that duty; (3) proximate cause establishing that "but for" the attorney's malpractice, the plaintiff would have prevailed in the underlying action; and (4) actual damages. *Mitchell v. Schain, Fursel & Burney, Ltd.*, 332 Ill. App. 3d 618, 620 (2002). In cases where counsel has been discharged prior to the termination of the underlying lawsuit, whether a plaintiff can make a showing of proximate cause depends on whether the plaintiff's cause of action remains viable at the time of counsel's discharge. *Id.* at 620-21 (citing *Land v. Greenwood*, 133 Ill. App. 3d 537, 541 (1985)). If there is no doubt that the plaintiff's cause of action remained viable at the time of discharge, the plaintiff cannot prove proximate cause as a matter of law. *Id.*

¶ 16    Here, the plaintiff alleges that the defendants' negligent acts and omissions caused her to enter into an unconscionable settlement subsequent to their withdrawal as her counsel on November 23, 2015. In accordance with *Mitchell* and *Land*, whether the allegations of the complaint are sufficient to sustain the element of proximate cause depends on the viability of the plaintiff's claim at the time of the defendants' withdrawal. While the allegations of the complaint, detailed above, could give rise to an inference that the defendants withdrew on the date the divorce trial was to take place and at a time when the plaintiff was foreclosed from further discovery of the marital assets, the record of the

8

divorce proceeding, of which we may take judicial notice, belies these allegations. See *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 37 (an appellate court may take judicial notice of readily verifiable facts if doing so will aid in the efficient disposition of a case, even if judicial notice was not sought in the trial court).

¶ 17    The court record in the divorce proceeding shows that the trial in the divorce case was set January 11, 2016, well after the date that the defendants withdrew as her counsel. In addition, at the time the defendants withdrew, the plaintiff was not foreclosed from further discovery of the marital assets. No discovery deadline had passed and, while Mr. Fults had filed a motion to cut off discovery, the divorce court had not ruled on that motion at the time that the defendants withdrew. Accordingly, on November 23, 2015, when the plaintiff entered her consent to the defendants' withdrawal and waived her right to substitute counsel, the plaintiff had a fully viable claim to an equitable distribution of the marital assets. Accordingly, as a matter of law, the plaintiff cannot show that any act or omission on the part of the defendants was the proximate cause of her decision to enter into the marital settlement agreement.

¶ 18    The plaintiff argues that, even if all her other arguments fail, the plaintiff should be able to proceed on her allegation that the defendants were negligent in failing to appeal the postjudgment enforcement order requiring the plaintiff to execute the deed to the Millstadt property in accordance with the third divorce decree. We disagree. Despite the plaintiff's execution of the deed, which the plaintiff was required to do based on the third divorce judgment, the plaintiff had a viable claim for equitable distribution of the Millstadt property at the time the defendants withdrew in the underlying fourth divorce. The plaintiff alleges

that Mr. Fults regifted the property to the marital estate during the fourth marriage. Therefore, she was not foreclosed from advancing an argument that the Millstadt property transmuted to marital property by Mr. Fults' affirmative act. See *In re Marriage of Didier*, 318 Ill. App. 3d 253 (2000). Because the plaintiff's claim for an equitable portion of the Millstadt property, as well as all the marital assets, remained viable at the time the defendants withdrew, the plaintiff cannot show proximate cause. In light of our finding that the circuit court properly dismissed the complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2018)), we need not consider whether the circuit court also properly dismissed it under section 2-619(a)(9) (*id.* § 2-619(a)(9)).

¶ 19                                                    CONCLUSION

¶ 20    For the foregoing reasons, we affirm the September 24, 2019, order of the circuit court of St. Clair County that dismissed the plaintiff's legal malpractice complaint.


¶ 21    Affirmed.