**Maria E. VILLARREAL, Appellant,**

v.

**George COOPER and Tracy & Cook, A Professional Corporation, Appellees.**

No. 04–82–00499–CV.

Court of Appeals of Texas, San Antonio.

May 16, 1984.

Rehearing Denied July 9, 1984.

Tuck R. Chapin, San Antonio, for appellant.

Russell S. Johnson, San Antonio, for appellees.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

Appellant, Maria Villarreal, appeals from a summary judgment granted appellees, George Cooper and Tracy & Cook, P.C., in a legal malpractice case.

On January 16, 1982, appellant, through her present attorney, filed suit against Tracy & Cook, P.C., a San Antonio law firm, George Cooper, an attorney with that firm, and Jesse Gamez, a San Antonio attorney, alleging legal malpractice on the part of all defendants. Tracy & Cook and George Cooper filed a motion for summary judgment which was granted. The trial court then severed appellant's cause of action against Tracy & Cook and George Cooper from the cause of action against Jesse Gamez, enabling this appeal.

The pleadings and the affidavits attached to appellant's response to appellees' motion for summary judgment reflect that appellant was an employee of Handy Andy. In the course of her employment, she was working at Lackland Air Force Base on January 17, 1977. While she was in the Lackland dining hall, an employee of the Coca-Cola Bottling Company delivered a 20 lb. $CO_2$ container to the base. Because the airman on duty was involved in a football pool and was not immediately available, the Coca-Cola employee put the $CO_2$ container on a desk or table rather than in a rack provided for such containers. Appellant entered the room just as the container rolled off the desk and exploded. She was either blown or knocked to the floor, severely injuring her right knee. The injury was severe enough that, eventually, her kneecap required surgical removal.

In June or July of 1977, appellant approached Mr. Cooper with the firm of Tracy & Cook to handle her worker's compensation claim and third-party actions against Coca-Cola and the United States. Evidently the worker's compensation claim was handled satisfactorily, but no action was taken on the third-party claims.

Appellant states in her affidavit that she consulted with Mr. Cooper on several occasions concerning the status of her third-party actions and was repeatedly told "not to worry" that "he would take care of them."

As time passed, appellant became so concerned with the lack of action on the part of Mr. Cooper and Tracy & Cook that she contacted another attorney, Jesse Gamez. Mr. Gamez informed appellant he could not represent her without a release from Tracy & Cook.

On November 1, 1978, appellant once again asked if her third-party claims had been filed. Appellant's affidavit states that Mr. Cooper replied no, they had not been filed, and that he did not feel the cases were worth pursuing. On this date appellant discharged Mr. Cooper and Tracy & Cook and employed Mr. Gamez.

This was some two and one-half months or seventy-seven days prior to the running of limitations on her negligence claims against Coca-Cola and the United States.

Limitations ran without a suit being filed.

Appellant subsequently filed suit against Cooper, Tracy & Cook, and Gamez for legal malpractice based on appellees' and Gamez' failure to properly investigate the claim, failure to seek specialists in the event they were unqualified, and in letting limitations run.

Appellees filed a general denial and a motion for summary judgment. The motion for summary judgment contends that appellant was aware of the limitations deadline; that appellees informed appellant to retain another attorney as soon as possible; and that since limitations ran subsequent to the termination of appellees' employment, appellees were not responsible for the barring of appellant's claims against Coca-Cola or the United States.

Attached to appellees' motion is a letter from appellant to appellees terminating their relationship stating, "I feel you

haven't represented me in any way." Directly beneath this and apparently on the same letter is appellees' response stating, "I strongly recommend that you retain an attorney to conclude this matter."

Also attached to appellees' motion is the affidavit of George Cooper stating the date of his employment, the date of his termination and that he advised appellant to retain another attorney in order to assert her claims prior to the running of limitations.

Appellant contends there is a material issue of fact which precludes a summary judgment. We agree.

■■■ If appellees' summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of appellant's cause of action, then summary judgment is proper. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In deciding whether there is a disputed material fact issue such as will preclude summary judgment, the evidence favorable to the non-movant will be taken as true and every reasonable inference will be indulged in favor of the non-movant and all doubts will be resolved in the non-movant's favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 593 (Tex.1975).

The element of appellant's malpractice action upon which appellees contend there exists no material question of fact is causation. Appellees contend that since Gamez was appellant's attorney at the time limitations ran, he, Gamez, is a superseding cause of appellant's damage, and as such relieves appellees of liability.

"The act of a third person which intervenes and contributes a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer if such act ought to have been foreseen." *Clark v. Waggoner*, 452 S.W.2d 437, 440 (Tex.1970).

■■■ Proximate cause consists of two elements: (1) cause in fact and (2) foreseeability. *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 903 (Tex.1980). "Cause in fact means that the act or omis-

sion was a substantial factor in bringing about the injury and without which no harm would have occurred." *Id.* at 903.

■■■ Affidavits attached to appellant's response to appellees' motion for summary judgment relate the following:

(1) Appellees had appellant's case for approximately sixteen months;

(2) The $CO_2$ container which exploded was never obtained by appellees;

(3) The container can no longer be located;

(4) The employee of Coca-Cola who delivered the $CO_2$ container was never interviewed and has since quit his job and moved to parts unknown;

(5) Appellees did not inform appellant until they had had her case for some sixteen months that they did not believe her third-party claims were worth pursuing;

(6) When appellees told appellant her claims weren't worth pursuing there were seventy-seven days remaining before limitations would run.

(7) Appellees never filed suit for appellant.

We have found no Texas case with facts analogous to the case at bar. However, in *Passanante v. Yormark*, 138 N.J.Super. 233, 350 A.2d 497 (1975), an attorney agreed to file a medical malpractice case for a client some fifteen months prior to the running of limitations. This the attorney failed to do and the statute ran. The client sued the attorney for malpractice. The attorney's malpractice insurance carrier contended it had no duty to defend the attorney and could not be liable since the insurance contract expired fifteen days prior to the running of limitations. The court, in holding the carrier must defend the attorney, stated:

Reasonable care in the performance of his duties towards his clients dictated that he take ordinary precautions to protect his clients' interest and not delay filing suit until the eleventh hour. He had the implicit obligation to inform his

clients of his failure to act (for whatever cause) at a time sufficiently prior to the running of the statute of limitations to permit plaintiffs to engage another attorney who could then take proper action on their behalf.

*Id.* at 500. Here, we are concerned with seventy-seven days rather than fifteen as in *Passanante, supra.* Under the facts of our case, we are not prepared to hold that seventy-seven days is adequate for another attorney to take proper action.

An attorney who accepts a personal injury case and then does nothing for some sixteen months, thereby allowing witnesses to disappear, physical evidence to disappear, and memories to fade, has certainly harmed his client.

Additionally, we believe the negligence of Gamez, if any, was foreseeable. We cannot distinguish between the foreseeability of negligent medical treatment, *Cannon v. Pearson,* 383 S.W.2d 565 (Tex.1964), and negligent legal representation.

We hold that there is at least a fact question on proximate cause and appellee did not negate this element as a matter of law.

The judgment of the trial court is reversed and the case is remanded for trial on its merits.