**IN THE COURT OF APPEALS OF IOWA**

No. 17-1281
Filed June 20, 2018

**MICHAEL C. RYAN and RYAN DATA EXCHANGE, LTD. d/b/a RYDEX, LTD.,**
    Plaintiffs-Appellants,

**vs.**

**SIMMONS PERRINE MOYER BERGMAN, PLC,**
    Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, David N. May, Judge.

        Plaintiffs-Appellants challenge the partial summary judgment on their claim

of negligence. **AFFIRMED.**

        Kenneth R. Munro of Munro Law Office, P.C., Des Moines, for appellant.

        Robert V.P. Waterman Jr. and Joshua J. McIntyre of Lane & Waterman

LLP, Davenport, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Michael C. Ryan and his business Ryan Data Exchange, Ltd. (collectively, "Ryan") appeal the district court's grant of partial summary judgment, which entered judgment on two paragraphs of their petition alleging negligence against Simmons Perrine Moyer Bergman, PLC (Simmons). Ryan argues the district court erred in finding Simmons cannot be a proximate cause of Ryan's loss. We agree with the district court that Simmons's withdrawal as counsel left sufficient time for successor counsel to file a breach-of-contract claim and affirmative defenses, had such been deemed warranted by successor counsel. Therefore, we affirm the partial summary judgment.

On June 8, 2011, Ryan executed a retainer agreement with attorney Jeffrey McGinness[1] of Simmons for potential litigation against Christopher Risewick and his businesses (collectively, "Risewick"). On August 8, Simmons filed suit on Ryan's behalf against Risewick, alleging breach of fiduciary duty, interference with existing and prospective business, negligent misrepresentation, and fraudulent misrepresentation (the Risewick litigation). In response, Risewick filed a counterclaim against Ryan seeking payment for contractual debts. The scheduling order closed the pleadings on November 29, 2012. On July 12, 2012, Risewick moved for summary judgment on Ryan's claims and their counterclaim. On July 27, Simmons moved for leave to withdraw as Ryan's counsel in the Risewick litigation. On August 8, the court granted Simmons leave to withdraw. On August

---

[1] McGinness's license was later suspended for falsifying certificates of service attached to discovery requests during the Risewick litigation. *See Iowa Supreme Ct. Att'y Disciplinary Bd. v. McGinness*, 844 N.W.2d 456 (Iowa 2014).

30, Ed Skinner and R. Bradley (Brad) Skinner of Skinner Law Office (collectively, "Skinner") entered an appearance on behalf of Ryan. Skinner never filed a resistance to the motion for summary judgment. On October 16, Skinner filed, and the court accepted, a joint consent to judgment, in which Ryan dismissed his claims with prejudice, agreed to adverse judgment on the counterclaim, and agreed to pay fees and costs.

On August 12, 2014, Ryan filed the petition for the proceeding at issue. The petition claims Simmons committed negligence, fraud, and breach of contract in representing Ryan during the Risewick litigation. Regarding negligence, the petition claims Simmons breached the standard of care with several of its actions, including:

8(g) In failing to amend the Petition to include a breach of contract claim and any other claims which were still viable.
. . . .
8(i) In failing to plead proper affirmative defenses to the counterclaim filed by the Defendants in the underlying case.

On December 14, 2014, Simmons initially filed for summary judgment on all counts. Regarding paragraphs 8(g) and (i), Simmons argued Ryan had sufficient time and ability to proceed through Skinner, which severed any causation Simmons had for Ryan's alleged harm. On February 16, 2015, the district court denied summary judgment. Regarding the negligence claim, the court noted issues of causation are ordinarily for the jury to decide. The court noted "the possible effect of McGinness' malfeasance on Ryan's options when [Simmons] chose to withdraw," and it refused to find Simmons left enough time for Skinner to respond to the lawsuit as a matter of law.

On March 4, 2016, the parties deposed attorney Brad Skinner about Skinner's role in the Risewick litigation.[2] Brad testified Ed Skinner performed the majority of the firm's work on the case, with the two of them splitting the work 70/30 or 80/20. According to Brad, they recommended Ryan enter into the consent to judgment with Risewick to create "the softest landing" possible because Ryan's claims were likely time-barred and the counterclaim was strong. Brad also testified about the time constraints they faced when they took over the case from Simmons:

> Q. Was lack of time for you to fully evaluate the case ever a factor in your decision to advise [Ryan] to settle and agree to the consent judgment? A. Not the lack of our time to work with things, our lack of time with what was going on with the Court system and the pressures that were out there on them and the fact that opposing counsel was not cooperating.
> Q. Do you believe that if you had had more time and opposing counsel had been more cooperative, that you would have or could have advised Mr. Ryan differently? A. No.
> Q. Why not? A. I don't think he had a case.
> Q. You believe that you reviewed all the documents necessary for you to arrive at a decision that he didn't have a case? A. I believe that, but I also trust [Ed Skinner] in what he was—if there would have been a case, we would have pursued—we would have done different things to pursue it. . . . I know [Ed] and I had these conversations that we would have never pursued the case in the first place. I think I've discussed that, but we just—with the statute of limitation issues in place.
> Q. And all I'm trying to do—and I think you've answered it— is confirm that you had reviewed all the information you felt was necessary to conclude that he didn't have an underlying case? A. I think we reviewed too much information on it.
> Q. And that was your ultimate decision and advice to him, he didn't have an underlying case against Risewick and the others; correct? A. Not only that, but [Risewick] had a hell of a case on the [counterclaim].

On April 7, 2016, Simmons filed for partial summary judgment on paragraphs 8(g) and (i) of the petition. On June 30, the court determined summary

---

[2] Ryan notes in his reply brief Ed Skinner is now deceased.

judgment was appropriate if Skinner had "sufficient time" to file the breach-of-contract claim and affirmative defenses. The court found Skinner began its representation no later than its appearance on August 30, 2012, and Skinner could have filed the claim and defenses until November 29 when the pleadings closed. The court also found the Skinner deposition showed it believed it had enough opportunity to evaluate the case and Ryan had shown no evidence that additional time would have led Skinner to amend the pleadings. Therefore, the court concluded Skinner had sufficient time to amend the pleadings, and it granted summary judgment on paragraphs 8(g) and (i) of the petition.

On May 18, 2017, Ryan filed a motion for partial summary judgment, essentially asking the court to set aside its June 30, 2016 order and reinstate its February 16, 2015 order. On June 20, 2017, the district court denied Ryan's motion for the reasons stated in the June 30, 2016 order. Ryan now appeals.

> We review grants of summary judgment for correction of errors at law. "Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." We view the facts in the light most favorable to the nonmoving party.
> A party seeking to establish a prima facie claim of legal malpractice must show the following: (1) a duty arising from the established existence of an attorney-client relationship; (2) the attorney breached that duty; (3) the attorney's breach was the proximate cause of injury to the client; and (4) the client suffered actual damage, injury, or loss.

*Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016) (citations omitted). Ryan argues the district court erred in finding Simmons did not proximately cause his injury as a matter of law.

Our supreme court has acknowledged the rule that "[a]n attorney cannot be held liable for failing to file an action prior to the expiration of the statute of

limitations if he ceased to represent the client and was replaced by other counsel before the statute ran on the client's action." *Ruden v. Jenk*, 543 N.W.2d 605, 612 (Iowa 1996) (quoting *Steketee v. Lintz, Williams & Rothberg*, 694 P.2d 1153, 1159 (Cal. 1985)). Other courts have further explained the effect of successor counsel in legal malpractice claims. *See Norton v. Sperling Law Office, P.C.*, 437 F. Supp. 2d 398, 402–03 (D. Md. 2006). The actions of successor counsel may create "an intervening cause that breaks the chain of causation arising from the prior attorney's negligence." *Id.* at 402. In order to rely on this rule, the prior attorney must show "a sufficiently long time gap between the severing of the attorney–client relationship and the lapse of the statute of limitations." *Id.* at 403. "Courts have not set a minimum baseline for what constitutes 'sufficient time,' although one court has deemed as little as thirty days sufficient." *Id.* (citing *Sherotov v. Capoccia*, 555 N.Y.S.2d 918 (App. Div. 1990)); *but see id.* at 403 (finding ten weeks was not sufficient time for successor counsel to bring a personal injury case where the proper forum was not clear); *Villarreal v. Cooper*, 673 S.W.2d 631 (Tex. App. 1984) (finding seventy-seven days was not sufficient time for successor counsel to bring a tort case when prior counsel had the case for sixteen months and evidence and witnesses could no longer be located).

In the instant case, the parties disagree about exactly how much time the successor counsel had to file the breach-of-contract claim and affirmative defenses. At the latest, the time to respond began when Skinner entered its appearance on August 30, 2012. As the district court found, Skinner's deadline to file the claim and defenses was no earlier than November 29, 2012, when the pleadings closed. *See* Iowa R. Civ. P. 1.402(5) ("Whenever the claim or defense

asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). While Ryan notes they faced earlier court-imposed deadlines for discovery and other issues, they could have sought continuances if needed. *See* Iowa R. Civ. P. 1.911(1) ("A continuance may be allowed for any cause not growing out of the fault or negligence of the movant, which satisfies the court that substantial justice will be more nearly obtained."). Thus, Skinner had at least thirteen weeks between its appearance on August 30 and the close of pleadings on November 29 to file any additional claims and defenses.

Brad Skinner's deposition shows Skinner was not concerned with the time constraints for adding a breach-of-contract claim and contractual debt defenses on Risewisk's counterclaim. The undisputed facts show Skinner recommended Ryan settle the suit more than one month before pleadings closed rather than pursue additional issues. Ryan argues Brad's statements are "self-serving," as Brad would likely not admit Skinner recommended settlement without taking the time to fully evaluate the case. Ryan also notes Brad had a limited role, as Brad only performed 20% to 30% of the firm's work on the Risewick litigation. However, as Ryan acknowledges, Brad's testimony is "undoubtedly genuine." Brad is an attorney bound by professional obligations. He testified without reservation, "I don't think [Ryan] had a case." By doing so, he showed enough familiarity with the matter to offer a conclusive opinion, and he exposed Skinner to liability if his assessment was incorrect. Therefore, based on the Skinner deposition and all other evidence in the record, thirteen weeks was sufficient time for a successor

counsel to file the breach-of-contract claim and affirmative defenses. *See Ruden*, 543 N.W.2d at 612.

Nevertheless, Ryan asserts Simmons committed several other acts of misconduct or negligence. Ryan also asserts that, viewing the facts in the most favorable light, the Skinner deposition cannot establish Ryan lacked valid breach-of-contract claims and affirmative defenses. However, Ryan does not explain how these issues affected successor counsel's ability to file the breach-of-contract claim and affirmative defenses. Furthermore, such issues are outside the scope of this decision. This decision only finds Simmons's withdrawal left sufficient time for successor counsel to file the breach-of-contract claim and affirmative defenses under paragraphs 8(g) and (i) of the petition should such have been warranted. This decision does not affect Ryan's other claims against Simmons or any other person.

**AFFIRMED.**